WILLIAM W. TABOR, Plaintiff in Error, v. THE PEOPLE OF THE STATE OF NEW YORK, Defendant in Error.

A writ of error in a criminal action is not proper and will not be sustained until after final judgment.

Accordingly *held* that a writ of error to review order sustaining demurrers to special pleas to an indictment was properly dismissed.

(Argued October 12, 1882; decided October 17, 1882.)

ERROR to the General Term of the Supreme Court, in the second judicial department, to review order made December 12, 1881, which dismissed a writ of error brought to review an order of the Court of Sessions in and for the county of Suffolk sustaining demurrers on the part of the people to special pleas filed by plaintiff in error to the indictment herein. (Reported below, 25 Hun, 638.)

The indictment contained two counts, one charging burglary, the other petit larceny. The accused filed special pleas to the first count, that there was no evidence given before the grand jury of the commission of the crime of burglary; to the second count, that the said Court of Sessions had no jurisdiction to try him for the offense of petit larceny. Demurrers to these pleas were filed on behalf of the people, which were sustained by the court.

*Martin J. Keogh* for plaintiff in error. A plaintiff in error can sue out a writ of error to review a judgment on a demurrer to a special plea to an indictment before a trial on the merits is had under said indictment. (*Hartung* v. *People*, 26 N. Y. 182.) Should the plaintiff in error proceed to trial on the plea of not guilty, he would thereby waive his former plea, so that the question of its validity could not be reached even on a writ of error. (*The People* v. *Reagle*, 60 Barb. 543; Graham's Practice, 612, 543.) Courts of Special Sessions obtained exclusive jurisdiction in the first instance of the offense of petit larceny; they possessed such exclusive jurisdiction when the indictment in this case was found and the defendant arraigned. (Chap. 390, Laws of 1879.)

*Nathan D. Petty* for defendant in error.  A proceeding for review of questions here sought to be raised is not in order till after a final judgment.  (*Freeman* v. *People*, 4 Denio, 21; *Thompson* v. *People*, 3 Park. 208; Cooley's Crim. Law, 448, 449, 454; *People* v. *Gray*, 25 Wend. 467; *People* v. *Merrill*, 14 N. Y. 76; *People* v. *Stearns*, 23 Wend. 634, 636; *Hartung* v. *People*, 26 N. Y. 156.)  The first indictment was superseded by the second.  (2 R. S. [Edm. ed.], § 42, p. 750.)  An indictment, when presented in due form by the grand jury and filed in court, is a record, and like other records imports absolute verity.  It cannot be impeached unless it be done upon motion.  It cannot. be done by plea averring against the record.  (*Low's Case*, 4 Greene, 439; *People* v. *Hulbut*, 4 Denio, 133; *People* v. *Restenblatt*, 1 Abb. Pr. 268; *Hope* v. *People*, 83 N. Y. 418.)  So long as the record remains, no defect in the evidence, upon which it was founded, or any irregularity in the proceedings, however great, can furnish an answer to it.  (*People* v. *Hulbut*, 4 Denio, 136.)  It is competent under an indictment of this character to convict either of a simple larceny or of burglary and larceny.  (*Jones* v. *People*, 6 Park. Cr. 126; *Joslyn* v. *Comm.*, 6 Metc. 236.)

DANFORTH, J.  The decision does not stand upon a modern rule, but one which, for aught that appears, has been always declared by courts to be the law.  (1 Chit. Cr. L. 747; *People* v. *Merrill*, 14 N. Y. 74.)  It is also recognized by statute (2 R. S., Pt. IV, chap. 2, art. 2, §§ 14, 15), and we know of no authority which will sustain a writ of error in a criminal case until after final judgment.

The writ in this case was, therefore, properly dismissed, and the order appealed from should be affirmed.

All concur.

Order affirmed.