[No. 23388. Department Two. November 13, 1931.]

THE STATE OF WASHINGTON, *Respondent,* v. C. D. LILIOPOULOS, *Appellant.*[1]

*C. D. Liliopoulos,* for appellant.

*Robert M. Burgunder* and *A. E. Bailey,* for respondent.

MILLARD, J.—On April 17, 1931, the defendant was found guilty by a jury in the superior court of King county of the crime of grand larceny. On June 25, 1931, pursuant to order of the court, defendant's motions for new trial and in arrest of judgment having been denied, the defendant appeared in court for sentence. The trial judge stated that, on his own motion and without any request therefor on the part of the defendant, the sentence imposed would be suspended pending the further order of the court. The judgment pronouncing sentence and suspending that sentence reads, so far as material, as follows:

". . . The defendant was duly informed by the court of the nature of the information found against him for the crime of GRAND LARCENY . . . of his

[1]Reported in 5 P. (2d) 319.

arraignment and plea of 'Not guilty of the offense charged in the information,' of his trial and the verdict of the jury on the 17th day of April, 1931, 'Guilty as charged.'

"The defendant was then asked if he had any legal cause to show why judgment should not be pronounced against him, to which he replied he had none.

"And no sufficient cause being shown or appearing to the court, the court renders its judgment: That whereas, the said defendant having been duly convicted April 17, 1931, in this court of the crime of GRAND LARCENY, it is therefore ORDERED, ADJUDGED AND DECREED that the said defendant is guilty of the crime of GRAND LARCENY, and that he be punished by confinement at hard labor in the PENITENTIARY of the state of Washington for the term of not less than one year and not more than fifteen years, sentence to be suspended, pending the further order of the court. . . ."

From that judgment, the defendant has appealed.

Upon the ground that this court's jurisdiction on appeal has not attached, in that no final judgment has been entered from which an appeal may be taken, respondent moves that the appeal be dismissed.

Our statute (Rem. Comp. Stat., § 1716) relating to appeals from a final judgment in criminal actions, reads, so far as material, as follows:

"Any party aggrieved may appeal to the supreme court . . . (1) From the final judgment entered in any action or proceeding, . . . ."

Our statute authorizing the trial court to suspend the sentence of first offenders in certain cases, reads as follows:

"Whenever any person never before convicted of a felony or gross misdemeanor shall be convicted of any crime except murder, burglary in the first degree, arson in the first degree, robbery, carnal knowledge of a female child under the age of ten years, or rape, the court may, in its discretion, at the time of imposing sentence upon such person, direct that such sen-

tence be stayed and suspended until otherwise ordered by such court, and that the sentenced person be placed under the charge of a parole or peace officer during the term of such suspension, upon such terms as the court may determine. In no case shall a sentence be suspended under the provisions of this section unless the prisoner if sentenced to confinement in a penal institution be placed under the charge of a parole officer, who is a duly appointed and acting officer of the institution to which the person is sentenced." Rem. Comp. Stat., § 2280.

■ Counsel for the state contends that the phrase "suspended sentence" means, under our statute (Rem. Comp. Stat., § 2280), the suspension of the execution of the sentence already imposed, and not the suspending of the sentence itself; that the authorities uniformly hold that the only judgment in a criminal action is the sentence, and that, when the sentence is suspended, there is no final judgment from which an appeal can be taken.

We agree that a final judgment is a prerequisite to an appeal. The judgment was final. It terminated the prosecution of the appellant by the state. The judgment pronounced sentence from one to fifteen years' confinement in the penitentiary. That was a final consideration and determination of the court on the matters submitted to it. Following the imposing of the sentence, the court, pursuant to authorization of the suspended sentence statute, ordered that the execution of the sentence be suspended.

The authorities uniformly hold that, in the absence of a statute providing otherwise, where sentence has not been pronounced against one convicted, but has been suspended, no appeal lies, as there is no final judgment.

Except in those jurisdictions where the statute affirmatively deprives the defendant of the right of ap-

peal from a judgment when the sentence pronounced thereby is suspended, we find no authority (and the industry of counsel has not resulted in the citation of any) supporting the contention of counsel for the state.

*People v. Flaherty,* 110 N. Y. Supp. 699, is not in point. The statute of the state of New York and our suspended sentence statute are dissimilar. In *People v. Markham,* 99 N. Y. Supp. 1092, it was held that, the defendant not having a constitutional right of appeal, and the judgment being suspended pursuant to the statute, there was no judgment from which the defendant could appeal. The court said:

"The appellant was convicted by the court of Special Sessions of unlawfully operating a motor vehicle in violation of chapter 538, p. 1311, of the Laws of 1904, but the court suspended sentence. Appellant took an appeal from the conviction, and the district attorney makes this motion to dismiss the appeal, upon the ground that in a criminal action an appeal can only be taken from a judgment, and that there is no judgment against the appellant in this action.

"Section 750 of the Code of Criminal Procedure provides that from Courts of Special Session 'an appeal may be allowed for an erroneous decision or determination of law or fact upon the trial.' Sec. 1414 of the Greater New York Charter (Laws 1901, p. 605, c. 466) is:

" 'If any judgment or determination made by the said Court of Special Sessions shall be adverse to the defendant, he may appeal therefrom in the same manner as from a judgment in an action prosecuted by indictment, and may be admitted to bail upon an appeal in like manner; and if the judgment of the Supreme Court upon such an appeal shall be adverse to the defendant, he may appeal therefrom to the Court of Appeals as prescribed in the Code of Criminal Procedure. In case of any such appeal to the Supreme Court or to the Court of Appeals, the procedure in, and the jurisdiction of, the said courts respectively shall be the

same as from a judgment of conviction after indictment.'

"This section clearly shows that it was the intention of the legislature to give the same right of appeal, and no broader right, from the Special Sessions than is provided for in actions at General Sessions.

"Section 517 of the Code of Criminal Procedure provides that:

" 'An appeal to the Supreme Court may be taken by the defendant from the judgment on a conviction after indictment. . . . And, upon the appeal, any actual decision of the court in an intermediate order or proceeding forming a part of the judgment roll, as prescribed by section four hundred and eighty-five, may be reviewed.'

"By this it appears that a right to appeal from a judgment is given, and from a judgment only. *People v. Bork,* 1 N. Y. Cr. R. 393; *People v. Merrill,* 14 N. Y. 74; *Tabor v. People,* 90 N. Y. 248; *People v. Hughes,* 137 N. Y. 29; 32 N. E. 1105.

"Section 470a, which is entitled 'Suspension of Judgment,' is as follows:

" 'If the judgment is suspended, after a plea or verdict of guilty or after a verdict against the defendant upon a plea for former conviction or acquittal, the court may pronounce judgment at any time thereafter within the longest period for which the defendant might have been sentenced; but not after the expiration of such period, unless the defendant shall have been convicted of another crime committed during such period.'

"In this section it clearly appears that where there is no sentence the judgment is suspended."

*Commonwealth v. Carver,* 224 Mass. 42, 112 N. E. 481, holds that where the defendant ·is found guilty, there is no right of appeal until the sentence is pronounced. The opinion reads as follows:

"He was found guilty on both indictments, but no sentence was imposed on the one which charged forgery and uttering. The reason for this presumably is that stated in the defendant's appeal, namely, that

this case was placed on file. As questions of law aris-
ing in the trial of the forgery charge have not been re-
ported under R. L. c. 219, § 34, and no sentence has
been imposed and stayed under R. L. c. 220, § 3, the
exceptions taken in that case are not properly before
us. There has been merely a suspension of active pro-
ceedings in the case, and as yet no final disposition.
Unless and until the prosecuting attorney shall move
for sentence there is no occasion to pass upon the con-
duct of the forgery trial.''

*People v. Hartman,* 23 Cal. App. 72, 137 Pac. 611,
holds that, under the statute of that state, there is no
appeal from the order suspending judgment and plac-
ing the defendant on probation. That is, if judgment
is not pronounced, there is no judgment from which to
appeal. The court did not hold that defendant had no
right of appeal from the judgment pronouncing sen-
tence. If judgment pronouncing sentence is entered,
the suspension of the execution of the sentence would
not deprive the defendant of his right of appeal. The
defendant could appeal from the order denying the
motion for a new trial if there was no judgment pro-
nouncing sentence. That that is so, clearly appears
from the following language of the opinion:

''In the present case, the trial court suspended the
pronouncement of judgment, as it was authorized to do
under section 1203 of the Penal Code, and placed the
defendant upon probation. If there was, then, no judg-
ment from which defendant could appeal the only
course open by which to have the proceedings reviewed
was by an appeal from the order denying his motion
for a new trial. It is of this remedy which the at-
torney-general would deprive him. Under this view
of the law now urged upon us, there is no way by
which a convicted defendant who has been placed upon
probation can have his trial examined into on appeal
unless judgment of conviction and sentence has been
pronounced upon him by the court. We are unwilling
to hold, as is contended, that the order referred to in

section 1247 is an order made after judgment, thus leaving the defendant remediless by appeal. The statute reads: 'Upon any appeal being taken from *any judgment or order* of the superior court,' etc. This language is broad enough to include the order in question notwithstanding the provisions of the preceding section 1239 allowing an appeal from 'any order made after judgment,' especially in view of section 1237 expressly giving the right of appeal from an order denying a motion for a new trial.''

In *Thomas v. State,* 87 Tex. Cr. App. 153, 219 S. W. 1100, the defendant was found guilty and the jury assessed his punishment, as prescribed by the statute of that state, as six years' imprisonment in the penitentiary, but recommended suspension of the sentence. Holding there was no right of appeal, the court said:

''The record before us contains the verdict of the jury allotting appellant six years in the penitentiary. The court enters a judgment upon the verdict and in addition suspends the sentence of the defendant, stating in the judgment that it was upon the recommendation of the jury. The verdict as transcribed in the judgment fails to show any finding of the jury upon the question of suspended sentence. It is not mentioned either for or against appellant in their finding on this question. If the verdict is incorrectly transcribed and the jury did find in favor of appellant on the suspended sentence, we might correct this judgment and make the matters conform to each other and with the law as prescribed by the statute. There would be no right of appeal from a conviction if suspended sentence was awarded, because of the want of a final judgment, which is the sentence pronounced by the court upon the verdict, but the record does not contain the sentence.''

In *Gallier v. State,* 78 Tex. Cr. App. 534, 182 S. W. 306, the jury found the appellant guilty of burglary, assessed his punishment, and, pursuant to statutory authority, recommended suspension of the sentence.

On appeal it was held that under the suspended sentence law,

" . . . an accused cannot appeal from the conviction, and can only do so when proper sentence is later, if at all, pronounced against him."

It must be borne in mind that, under the statute of the state of Texas, the jury is authorized, when it finds a certain class of offenders guilty, to recommend suspension of the sentence penalty for the offense of which found guilty. Such recommendation is followed by the court. The judgment entered so reciting is not a final judgment from which an appeal lies. The reason is that the statute specifically provides that neither the verdict of conviction nor the judgment entered thereon shall become final except under certain conditions. In *Bierman v. State,* 73 Tex. Cr. App. 284, 164 S. W. 840, the court said:

"Appellant has filed a motion for rehearing in which he earnestly insists we were in error in dismissing his appeal; that the judgment entered was a final judgment, although no sentence was pronounced. To so hold would be in direct conflict with the provisions of the suspended sentence law [Acts 32d Leg. c. 44]. Section 2 reads: 'The court shall permit testimony and submit the question as to the general reputation of defendant to enable the jury to determine whether to recommend the suspension of sentence, and as to whether the defendant has ever been convicted; such testimony shall be heard and such question submitted only upon the request in writing by the defendant; provided, that in all cases sentence shall be suspended if the jury recommends it in their verdict. Provided further, that in such cases, neither the verdict of conviction nor the judgment entered thereon shall become final, except under the conditions and in the manner and at the time provided for by section 4 of this act.' It is thus seen that by law it is now specifically provided that this shall not be a final judgment. Section 4 reads: 'Upon the final conviction of the defendant of

any other felony, pending the suspension of sentence, the court granting such suspension shall cause a capias to issue for the arrest of the defendant, if he is not then in custody of such court, and upon the execution of a capias, and during a term of the court shall pronounce sentence upon the original judgment of conviction, and shall cumulate the punishment of the first with the punishment of any subsequent conviction or convictions, and in such cases no new trial shall be granted in the first conviction.' As said in the original opinion, that should circumstances in the future arise whereby under the provisions of this latter section the court should pronounce sentence, then and not until then does his right of appeal lie under our law.''

*Barnes v. State*, 20 Ariz. 201, 178 Pac. 780, is not in point. There the defendant waived his right of appeal by offering, which offer the court accepted, to enter into an undertaking for support of his wife to induce the court to suspend proceedings against him.

In *State v. O'Neal*, 138 La. 977, 70 So. 1011, the appeal was dismissed for the reason that sentence had not been imposed by the trial court. The court said:

''A verdict of guilty appears to have been found in the case; but, as suggested by the Attorney General, a sentence had not been imposed when an appeal was moved for and granted. The motion and order for appeal were prematurely made.''

In *Hayden v. State*, 81 Miss. 55, 32 So. 922, the trial court's order or judgment stated that the jury found the defendant guilty, but sentence was postponed pending the appeal of the case to the Supreme Court. The appeal was dismissed, as the trial court did not enter a final judgment pronouncing sentence on the verdict.

*State v. Vaughan*, 71 Conn. 457, 42 Atl. 640, holds there is no judgment until sentence, under the statute of that state allowing an appeal only after judgment. In that case, the jury returned a verdict of guilty. The court ordered a stay of sentence until the next term of

court, and until further order of the court. No judgment was entered imposing sentence. The pertinent portion of the opinion is that,

"An appeal to this court cannot be taken until after judgment, and without sentence there is no judgment."

In *Fullerton v. Court of Common Pleas*, 2 N. J. Misc. 1143, 126 Atl. 676, the defendant was brought to trial in the recorder's court, as prescribed by the statute, for violation of the motor vehicle act. He was found guilty. From that conviction and the judgment of the recorder's court, the defendant appealed to the court of common pleas of Essex county. Pursuant to the statute, the cause was there tried *de novo*. The opinion states that,

". . . after hearing the testimony on part of the state and of the defendant and his witnesses, made the following pronouncement:
" 'The evidence being closed, the court says it finds the defendant guilty of operating a motor vehicle while under the influence of intoxicating liquor, in violation of subdivision 3, section 14, of "An Act defining motor vehicles," etc., approved April 8, 1921. Sentence postponed until February 18, 1924.' "

The appeal from the court of common pleas to the supreme court was dismissed on the ground that no judgment was entered in the court of common pleas. The court said:

". . . where an appeal has been taken which provides for a trial *de novo* in the appellate court, and such trial is had, the proceedings to review the appeal must be directed against the court in which such appeal has been 'heard and determined,' which phrase can mean nothing else than where judgment has been given."

In *State ex rel. Gehrmann v. Osborne*, 79 N. J. Eq. 430, 82 Atl. 424, the sentencing of the defendant was postponed. After the term had passed at which the

sentence was postponed, judgment was entered imposing sentence of imprisonment for a period of five years. In the habeas corpus proceeding to determine the legality of the commitment issued on the judgment, it was held that the trial court had the power to postpone the entry of judgment imposing sentence; ''that it had the power to suspend the pronouncing of a sentence,'' and that the defendant, having acquiesced in the postponing of the sentence, could not successfully contend that he was unlawfully confined under sentence subsequently pronounced.

''From the defendant's standpoint, the only legitimate objection, it would seem to me, to the action of the court in refraining from presently inflicting punishment, would be the undesirability of remaining in the indeterminate position resulting from a suspension of the pronouncement of judgment. But is not this essentially a matter within his own control? Undoubtedly, any convicted defendant could compel the proper court, by mandamus, to pronounce judgment and, in my view, if the court sought to postpone the sentencing, or suspend it, for any purpose or any period which would be clearly unreasonable, the defendant could fully protect his rights by objection which would undoubtedly, in my view, result either in the trial court not attempting to exercise the jurisdiction in the face of objection, or in the Supreme Court holding that, in the face of an objection, the trial court acted improperly in unreasonably delaying the pronouncement of judgment and subsequently pronouncing one.

''As a general principle, I should say that, either the successful or the defeated party in any litigated proceeding, civil or criminal, could move for judgment at any time when and after the matter was ripe for judgment. But if the defendant acquiesces, or does not object, it is difficult to see how he can be said to be injured. It is necessary to remember that the defendant has been convicted; that the court has the power to inflict the full measure of punishment; that if a defendant, thus in peril of suffering the full penalty of

the law, is not visited with it, many things may happen favorable to him; while nothing worse than his present plight can possibly happen. If a defendant thus circumstanced sees fit not to object, or to acquiesce, I do not see who else is concerned that can complain, nor how he can legitimately complain.

"I feel quite sure that, under the criminal law, as administered in this state, where every right of the defendant is zealously guarded, and the state is held to have power to inflict punishment only when every step has been taken in exact accordance with legal procedure, there is no danger that a defendant will have any right violated, or be in any way oppressed, if the custom so long in vogue is continued.

"I am inclined to say—although, of course, not to find, because it is not in issue—that the power thus to indefinitely suspend sentencing, which exists in the court, is not exercisable in the face of an objection by the defendant; that when exercised, in default of an objection, and with either implied or actual acquiescence, it is a lawful exercise of power residing in the court, and cannot result in the release of a prisoner subsequently sentenced, and who applies by a writ of habeas corpus for that purpose."

As the supreme court of New Jersey held, so held we in *State ex rel. Lundin v. Superior Court,* 102 Wash. 600, 174 Pac. 473, that mandamus lies to compel the trial court to proceed to final judgment and sentence after conviction by verdict or plea of guilty.

"We have no statute authorizing the suspension of judgment and sentence after conviction by verdict or a plea of guilty, other than § 2280, Rem. Code, which has reference only to convicted minors. Section 2190, Rem. Code, makes it the mandatory duty of the court to pronounce judgment and sentence in other cases as follows:

" 'After verdict of guilty or finding of the court against the defendant, if the judgment be not arrested or a new trial granted, the court must pronounce judgment.'

"It is true that this section does not in terms refer to a plea of guilty, but it is elementary that a plea of guilty has the same effect in law as a verdict of guilty, except that it may be withdrawn and another plea submitted therefor by leave of the court at any time before the rendering of final judgment and sentence thereon. 12 Cyc. 353; 8 R. C. L. 115. But, aside from these statutory provisions which negative the view that our superior courts have the power to suspend sentence indefinitely after conviction by the verdict of a jury or by a plea of guilty, we think the law is, in the absence of statute, that courts do not have the inherent authority to suspend sentence indefinitely, nor did they ever possess any such power at common law."

In 1921, three years subsequent to the foregoing, Rem. Comp. Stat., § 2280, was amended, so that the suspension of sentence does not now apply solely to convicted minors. However, that does not affect the question before us. Unless the convicted defendant waives his right of appeal, that constitutional guarantee and statutory right is his if sentence is pronounced. There can be no imposition of sentence without judgment. The precise character and duration of the punishment—one to fifteen years in the penitentiary— were shown by the judgment, hence sufficient to sustain an appeal. The immediate suspension of the execution of that sentence, as thereafter recited in the judgment (there being no waiver by defendant of his right), cannot deprive the defendant of his right of appeal from the judgment, which is final.

Our statute, Rem. Comp. Stat., § 2280, clearly limits the right of the court to suspend the execution of the sentence, but not to suspend or postpone the sentencing. The language,

"The court may in its discretion, at the time of imposing sentence upon such person, direct that such sentence be stayed and suspended until otherwise ordered by the court,"

requires the imposition of sentence. When sentence is imposed, that is a pronouncing of sentence, a final judgment, and is appealable.

To hold as respondent contends would be to permit the court to sentence the convicted defendant to the penitentiary for a term of from one to fifteen years, and then, over defendant's objection, suspend the execution of the sentence until further order of the court. At any time prior to the expiration of the fifteen-year period, the court could revoke its order suspending the execution of the sentence, and then commit the defendant to the penitentiary for the period of from one to fifteen years, as the period during which the execution of the sentence is suspended would not be a part of the sentence. That would be an intolerable situation. We find no law or reason to support such position. We can not agree with the holding in *Symington v. State,* 133 Md. 452, 105 Atl. 541. It was there held that, under the Maryland statute, the court, by suspending the execution of the sentence, suspended the judgment, "and, where there is no sentence or judgment pronounced, no appeal will lie."

With that reasoning we do not agree. True, the suspension is the suspending of the execution of the sentence, but under our statute, unless the right is waived, the judgment is final and appealable. Unless the statute affirmatively (our statute does not) deprives the defendant of the right of appeal from a judgment when the sentence thereby pronounced is suspended, the suspending of the execution of the sentence imposed does not destroy the defendant's right of appeal. There is not in our suspended sentence statute any language from which it may reasonably be inferred that the legislature intended that, by the incorporation, within the judgment pronouncing sentence, of a recital or order suspending the execu-

tion of the sentence, the defendant was thereby deprived of his right of appeal from that judgment.

To review the remainder of the authorities cited by respective counsel and all of the authorities we have examined would be to unnecessarily further extend this opinion. It is sufficient to say that they are not inconsistent with the views herein expressed.

The motion to dismiss the appeal is denied.

TOLMAN, C. J., MAIN, and HOLCOMB, JJ., concur.

BEALS, J. (concurring)—Appellant has been adjudged guilty of the crime of grand larceny, which, under our law, is a felony, and has been sentenced to a term of confinement in the state penitentiary. Unless reversed by this court, that judgment and sentence will stand, and appellant will therefore be henceforth subject to the disabilities and disadvantages which follow from such a judgment of conviction. He loses his franchise as an elector; whenever called as a witness before any court he must answer, if asked, that he stands convicted of a felony; and his license to practice law may be revoked.

To allow a trial court to defeat an appeal from such a judgment as this by suspending the execution of the sentence, might result in condemning an innocent man to go through life under the legal disqualifications above referred to, in addition to placing him, beyond hope of remedy, under certain social and economic handicaps and disabilities which necessarily follow from the status of a convicted felon. The law should not be construed in such a manner as to accomplish this result, unless such a ruling be, beyond question, required. I concur in the opinion of the majority, being of the opinion that, under our laws, appellant clearly has a right of appeal to this court.