[No. 27146. Department One. September 15, 1938.]

THE STATE OF WASHINGTON, *Respondent,* v. LEE SIGLEA, *Appellant.*[1]

*Sandvig & Walters,* for appellant.

*Lloyd L. Wiehl* and *George W. Wilkins,* for respondent.

STEINERT, C. J.—This is an appeal from an order of the superior court, in a criminal case, adjudging that a prior appeal from a justice court to the higher court be dismissed and that the judgment of conviction in the justice court be affirmed, and, further, citing defendant to appear in the superior court for pronouncement of sentence.

Appellant was convicted in the justice court upon a charge of driving a motor vehicle along a public high-

[1]Reported in 82 P. (2d) 583.

way at a time when he was under the influence of intoxicating liquor. He appealed to the superior court in the manner provided by Rem. Rev. Stat., § 1919 [P. C. § 9444], giving bond with condition to appear in the superior court and there prosecute his appeal and fully satisfy any judgment or order rendered.

Transcript on appeal was duly filed in the superior court on July 15, 1937. A jury term of the superior court was held in November and December of the same year. Nothing, however, was done in the cause until February 7, 1938, at which time the prosecuting attorney served on appellant a motion to dismiss the appeal from the justice court, for want of diligent prosecution by appellant.

The state's motion came on regularly for hearing on February 26, 1938, at which time the court entered an order, entitled "Order Dismissing Appeal and Affirming Judgment," the material part of which order reads as follows:

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED that said appeal be, and the same hereby is, dismissed, and the judgment of conviction of the lower court be, and the same hereby is, affirmed;

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the said defendant be forthwith apprehended and brought before this court for the pronouncement of sentence against him."

Under a single assignment of error, appellant contends (1) that upon the facts as shown there was no lack of diligence on his part in prosecuting his appeal, and (2) that, in any event, the court could not affirm the judgment of the justice court and at the same time impose an additional, or further, sentence upon him by reason of his conviction in the justice court.

These questions we shall not determine at this time because we have concluded that the case must be disposed of on another ground.

■ Rem. Rev. Stat., § 1920 [P. C. § 9445], which relates to criminal appeals from the justice court to the superior court, provides that, if the appellant shall fail to enter and prosecute his appeal, he shall be defaulted on his recognizance, if any was taken,

". . . and the superior court may award *sentence* against him for the offense whereof he was convicted, in like manner as if he had been convicted thereof in that court; and if he be not then in custody, process may be issued to bring him into court to receive *sentence*." (Italics ours.)

It is apparent from the order above quoted that the superior court intended to proceed, and was proceeding, under the provisions of Rem. Rev. Stat., § 1920, and that the avowed determination of the court was that appellant should be apprehended and brought into that court for the pronouncement of sentence against him. It is equally apparent from the record that sentence has not yet been pronounced against appellant by the superior court.

■ As a prerequisite to an appeal in a criminal case, there must be a final judgment terminating the prosecution of the accused and disposing of all matters submitted to the court for its consideration and determination. *State v. Liliopoulos,* 165 Wash. 197, 5 P. (2d) 319.

The term "judgment" has been defined as the determination or sentence of the law, pronounced by a competent judge or court, as the result of an action or proceeding instituted in such court, affirming that, upon matters submitted for its decision, a legal duty or liability does or does not exist. 1 Black on Judgments (2d ed.), 2, § 1. Rem. Rev. Stat., § 404 [P. C. § 8078], defines "judgment" as the final determination of the rights of the parties to the action.

By taking an appeal from the justice court to the superior court, appellant submitted to the superior

court, for its consideration and determination, the matter of sentence in the event that he was unsuccessful on the appeal.

In a criminal case, it is the sentence that constitutes the judgment against the accused, and, hence, there can be no judgment against him until sentence is pronounced. *State v. Liliopoulos*, 165 Wash. 197, 5 P. (2d) 319; *State v. Vaughn*, 71 Conn. 457, 42 Atl. 640; *Commonwealth v. Smith*, 198 Atl. (Pa.) 812; *Hill v. United States ex rel. Wampler*, 298 U. S. 460, 80 L. Ed. 1283, 56 S. Ct. 760; *Berman v. United States*, 302 U. S. 211, 58 S. Ct. 164.

Inasmuch as sentence has not yet been pronounced by the superior court, as it has the right to do and as it has indicated that it will, according to the provisions of Rem. Rev. Stat., § 1920, this appeal is premature. The appeal is, therefore, dismissed.

SIMPSON, MAIN, HOLCOMB, and GERAGHTY, JJ., concur.