[No. 547-2.   Division Two.   March 26, 1973.]

THE STATE OF WASHINGTON, *Respondent*, v. RONALD D. OLANDER, *Appellant*.

*Dean Pontius,* for appellant.

*John C. Merkel, Prosecuting Attorney,* and *Stephen E. Alexander, Deputy,* for respondent.

PEARSON, C.J.—Defendant, Ronald Olander, appeals from a dismissal without prejudice of the information charging him with unlawful possession of a controlled substance, a felony. Three questions are presented: (1) whether the dismissal of an information without prejudice is an appealable order; (2) whether defendant was placed in jeopardy

when his case was called for trial; and (3) whether the dismissal should have been with, rather than without, prejudice.

The case was originally set for trial on the morning of Wednesday, October 6, 1971. On Friday of the week before trial, the prosecuting attorney's office learned that a crucial witness, the drug expert who had analyzed the substance allegedly found in defendant's possession, was planning to be out of the state on October 6 to attend an important conference of drug analysts. This witness had received a subpoena early in September. The deputy prosecuting attorney contacted defendant's counsel and suggested that the admission of the written report of the chemical analysis be stipulated. Counsel informed the prosecutor that no stipulation would be considered until he had had an opportunity to see the report. The record is not clear whether the prosecutor informed counsel of the uncertainty with respect to the drug expert's appearance for trial, although counsel was again contacted on the weekend concerning the stipulation.

On Monday, the report was delivered to counsel and he refused to agree to a stipulation. Later that day the prosecutor informed counsel that the drug expert definitely would not be present for trial on Wednesday and that the state was going to seek a continuance. Counsel then informed the prosecutor that he would have to discuss the matter with defendant and that the state should not expect his client to agree to a continuance. On Tuesday afternoon, counsel telephoned the prosecutor and verified that, in fact, he would resist the state's motion. Meanwhile, someone in the prosecutor's office, without notice to defendant or his counsel, caused the case to be stricken from Wednesday's trial docket. On Wednesday morning, defendant appeared with his witnesses ready to proceed with trial and learned that the case had been stricken.

The presiding judge reinserted the case on the day's docket and at 1:30 p.m. it was called for trial. The state immediately moved for a continuance and advised the court

of its problem with the key witness. The trial judge suggested that a bench warrant issue and that the state proceed with the trial. The state declined the court's suggestion and insisted that there was good cause for a continuance. Defendant resisted the motion on the grounds that a key defense witness was in the Marine Corps, under orders to go to California, had taken special leave to attend this trial, and was scheduled to leave the state that afternoon. The court denied the state's motion and asked if the parties were ready to proceed. Defendant announced that he was ready and the state reiterated that it could not put on its case at that time. After some discussion, the following exchange between the court and defendant's counsel occurred:

The Court: I assume that you have a motion, Mr. Pontius?

Mr. Pontius: First, I will waive a jury because I most certainly do want Mr. Olander clearly in jeopardy.

The Court: I thought maybe you would move to dismiss. If the State's not ready, what am I to do?

Mr. Pontius: I would ask, lest we get trapped—lest the defendant be trapped, I would ask the Court to call the case and let them say nothing and let us put on our case and let us rest. That's the thing I want to do.

The Court: Mr. Pontius, I don't think you understand.

Mr. Pontius: I will move that the Court dismiss this matter with prejudice.

The state objected strenuously to a dismissal with prejudice because the crime charged was a serious felony. Defendant responded that because of his own witness problem, his ability to defend himself would be materially prejudiced if the state were given the opportunity to refile its information. The trial court provisionally dismissed the case with prejudice, but continued the hearing on the motion, called for authorities from both parties, but placed the burden on the state to show why the dismissal should be without prejudice.

On October 15, 1971, the motion was heard and the state prevailed. The prosecuting attorney informed the court that

he had been in contact with the defendant's Marine witness, that the witness had agreed to return to Washington, and that the necessary expenses would be borne by the state. In a written memorandum opinion, the trial court treated defendant's motion to dismiss with prejudice as the court's own motion, pursuant to the nolle prosequi statute, RCW 10.46.090[1] and dismissed the case without prejudice as is required by RCW 10.43.010.[2] We turn now to the questions presented for review.

The state argues that a dismissal without prejudice is not an appealable order. The state points out that in a criminal action the rules on appeal permit appeal by defendant only from "the final judgment" (CAROA 14(1)) or from "any final order made after judgment, which affects a substantial right; . . . " (CAROA 14(7)) In either case, it is argued, a final judgment is a condition precedent to the defendant's right to appeal. *State v. Siglea*, 196 Wash. 283, 82 P.2d 583 (1938); *see Tembruell v. Seattle*, 64 Wn.2d 503, 392 P.2d 453 (1964).

In *Siglea*, the Supreme Court adopted for use in criminal procedure the civil procedure definition of judgment as "the final determination of the rights of the parties to the action." At page 285 the court stated explicitly:

> As a prerequisite to an appeal in a criminal case, there must be a final judgment *terminating the prosecution of the accused and disposing of all matters submitted to the court* for its consideration and determination. *State v. Liliopoulos*, 165 Wash. 197, 5 P. (2d) 319.

(Italics ours.)

---

[1]RCW 10.46.090 provides: "The court may, either upon its own motion or upon application of the prosecuting attorney, and in furtherance of justice, order any criminal prosecution to be dismissed; but in such case the reason of the dismissal must be set forth in the order, which must be entered upon the record. No prosecuting attorney shall hereafter discontinue or abandon a prosecution except as provided in this section."

[2]RCW 10.43.010 provides: "An order dismissing a prosecution under the provisions of RCW 10.37.020, 10.46.010, and 10.46.090 shall bar another prosecution for a misdemeanor or gross misdemeanor where the prosecution dismissed charged the same misdemeanor or gross.

■ There would appear to be merit in the state's position because of the lack of finality in a dismissal without prejudice. We also note, as did the trial judge in his memorandum decision, that questions of prejudice to the defendant, as well as other potential constitutional violations arising from the "without prejudice" dismissal, can be raised if and when a new information is filed. If at that time a motion to quash the information is denied, defendant may obtain appellate review by writ (see *State ex rel. Clark v. Hogan*, 49 Wn.2d 457, 303 P.2d 290 (1956) and *State v. Harris*, 2 Wn. App. 272, 469 P.2d 937 (1970))[3] or by appeal after judgment and sentence.

We point out further that at this stage of the proceedings there has been no final determination of any constitutional question. The question of defendant's right to a speedy trial was not at issue. The question of double jeopardy was discussed in argument and the trial judge stated his belief that such issue would not be involved because the case was still at the "pretrial" stage when the dismissal was made. We agree with the trial court. The claim of double jeopardy is patently frivolous. *State v. Ridgley,* 70 Wn.2d 555, 424 P.2d 632 (1967). Moreover, in our view, the issue of former jeopardy is premature and for orderly administration should be raised if and when a new information is filed. *See State v. Harris, supra.*

However, in *State v. Christensen,* 75 Wn.2d 678, 453 P.2d 644 (1969) the Supreme Court appears to hold, at page 679, that a dismissal without prejudice under RCW 10.46.010 (the nature of which is subject to RCW 10.43.010) is equivalent "to a denial of an order quashing the information, . . . " and that an appeal lies from that denial, rather than from the order of dismissal itself.

Without questioning the wisdom of the ruling in *State v.*

misdemeanor; *but in no other case shall such order of dismissal bar another prosecution."* (Italics ours.)

[3]In *State v. Harris* this court was reversed on another point by the Supreme Court, 78 Wn.2d 894, 480 P.2d 484 (1971), but subsequently the Court of Appeals decision was reinstated by the United States Supreme Court, 404 U.S. 55, 30 L. Ed. 2d 212, 92 S. Ct. 183 (1971).

*Christensen,* we think it is distinguishable from and inapplicable to the facts of this case. There the dismissal was sought on constitutional and statutory grounds. The dismissal was grounded upon the claim that continued prosecution under that information would violate defendant's constitutional and statutory right to a speedy trial.[4] The facts necessary to a determination of the constitutional and statutory issue were before the superior court and were inherent in its decision.

In the case before us, the trial court was not presented with any serious constitutional issues. At that stage of the proceedings there was no issue of double jeopardy. Defendant's right to a speedy trial was never brought into issue, argued, nor considered.

The only question before the trial court was whether or not the case should be dismissed with prejudice because the state was *not* and the defendant *was* prepared to go to trial. A determination of this question and the discretion which it required the superior court to exercise necessitated a consideration of the possible prejudice to the defendant arising from his prospective inability to obtain the testimony of a witness who was about to leave the state. In exercising his discretion, the trial judge recognized that the question of prejudice could not at that time be determined with any degree of finality. He indicated that defendant would not be precluded from raising the prejudice of the current proceedings at a future time, if necessary.

On the record before us, this court is no more able than the trial court to determine the question of potential future prejudice and with no constitutional issues properly raised, there is no point to the appeal.

The only questions we could academically consider are (1) whether or not a defendant may move to dismiss under the nolle prosequi statute (RCW 10.46.090) and (2) whether or not under all circumstances a dismissal under

---

[4]*See* RCW 10.46.010; article 1, section 22 (amendment 10) Washington State Constitution; and the sixth amendment to the United States Constitution.

that statute is required to be without prejudice because of the dictates of RCW 10.43.010. The former question was answered in the affirmative by the Supreme Court in *State v. Sonneland,* 80 Wn.2d 343, 494 P.2d 469 (1972). The latter question is not properly before us on this appeal because of the lack of finality of the action taken by the trial court.

Under the circumstances presented in this case, we hold that an order of dismissal without prejudice under RCW 10.46.090 is not an appealable order.

Appeal dismissed.

ARMSTRONG and PETRIE, JJ., concur.

Petition for rehearing denied May 1, 1973.