953 P.2d 1358

**STATE of Hawai'i, Petitioner–Plaintiff–Appellant,**

v.

**Titus KALANI and Debra Kalani, Respondents–Defendants–Appellees.**

**No. 20179.**

Supreme Court of Hawai'i.

April 30, 1998.

Loren J. Thomas, Deputy Prosecuting Attorney, on the writ.

Before MOON, C.J., and KLEIN, LEVINSON, NAKAYAMA and RAMIL, JJ.

PER CURIAM.

We granted certiorari to review the summary disposition order of the Intermediate Court of Appeals (ICA) filed on February 27, 1998. For the following reasons, we vacate the summary disposition order and remand to the ICA for a decision on the merits of the case.

### I. BACKGROUND

On November 30, 1995, Respondent–Appellee Titus Kalani was charged, by complaint, with assault in the second degree, in violation of Hawai'i Revised Statutes (HRS) § 707–711(1)(a) (1993), and terroristic threatening in the second degree, in violation of HRS § 707–717(1) (1993). The same complaint charged Respondent–Appellee Debra Kalani with endangering the welfare of a minor in the first degree, in violation of HRS § 709–903.5(1) (1993). These charges arose from an incident in which Christine Kauai, Debra's daughter and Titus's stepdaughter, was allegedly beaten.

On August 13, 1996, the circuit court granted the Kalanis' oral motion to dismiss without prejudice. On September 3, September 12, and October 9, 1996, the circuit court entered written orders granting the motion to dismiss without prejudice. Petitioner–Appellant State of Hawai'i (the prosecution) filed a notice of appeal on October 10, 1996.

By summary disposition order entered on February 27, 1998, the ICA dismissed the prosecution's appeal. The ICA's order stated:

> Upon careful review of the record and the briefs submitted by the parties, and having duly considered the arguments raised and the case and statutory law relevant to the issues on appeal, we hereby dismiss the appeal for lack of appellate jurisdiction because an order of dismissal without prejudice is not a final appealable order. *See State v. Johns[t]on,* 63 Haw. 9,

619 P.2d 1076 (1980); *State v. Olander*, 8 Wash.App. 563, 509 P.2d 60 (1973).

On March 9, 1998, the prosecution filed a motion for reconsideration; however, the ICA denied the motion on March 11, 1998. The prosecution filed a timely application for a writ of certiorari on April 9, 1998. We subsequently granted certiorari.

## II. *DISCUSSION*

The sole issue raised in the prosecution's application is whether the ICA erred in dismissing the appeal for lack of appellate jurisdiction. We believe that the ICA erred. The weight of authority indicates that the ICA did have appellate jurisdiction.

Nothing in our statutes indicates that an order dismissing a complaint without prejudice is not an appealable order. "The right of appeal in a criminal case is purely statutory and exists only when given by some constitutional or statutory provision." *State v. Fukusaku*, 85 Hawai'i 462, 490, 946 P.2d 32, 60 (1997) (quoting *State v. Wells*, 78 Hawai'i 373, 376, 894 P.2d 70, 73, *reconsideration denied*, 78 Hawai'i 474, 896 P.2d 930 (1995)). "[W]here the language of the statute is plain and unambiguous, our only duty is to give effect to its plain and obvious meaning." *Wells*, 78 Hawai'i at 376, 894 P.2d at 73. The ICA apparently based its decision on HRS § 641–13(1) (1993), which provides in relevant part:

> **By State in criminal cases.** An appeal may be taken by and on behalf of the State from the district or circuit courts to the supreme court, subject to chapter 602, in all criminal cases, in the following instances:
>
> (1) From an order or judgment quashing, setting aside, or sustaining a motion to dismiss, any indictment or complaint or any count thereof[.]

However, nothing in HRS § 641–13(1) allows appeals only from dismissals with prejudice or prohibits appeals from dismissals without prejudice. The statute merely states that the prosecution may appeal from "an order . . . sustaining a motion to dismiss[.]" Thus, the plain meaning of the statute indicates that the prosecution can appeal from both dismissals with prejudice and without prejudice. The ICA's interpretation of HRS § 641–13(1) is unsupported by the language of the statute.

Furthermore, in prior cases, Hawai'i courts have repeatedly allowed the prosecution to appeal from dismissals without prejudice. In *Wells, supra*, the prosecution appealed from the circuit court's order granting the defendants' motion to dismiss counts 1 to 4 of the indictment *without prejudice*. *Id.* at 375–76, 894 P.2d at 72–73. In *State v. Chong*, 86 Hawai'i 290, 949 P.2d 130 (App.), *aff'd*, 86 Hawai'i 282, 949 P.2d 122 (1997), the prosecution appealed from the circuit court's order dismissing the indictment *without prejudice*. *Id.* at 293, 949 P.2d at 133. In *State v. Soto*, 84 Hawai'i 229, 933 P.2d 66 (1997), the prosecution appealed from the circuit court's order dismissing count 2 *without prejudice*. *Id.* at 236, 933 P.2d at 73. None of these appeals were dismissed for lack of appellate jurisdiction. Thus, our case law clearly indicates that an order dismissing a charge without prejudice is appealable.

In its summary disposition order, the ICA cited two cases as authority. Neither case provides convincing support for its decision. *State v. Johnston* does indicate that, in a criminal case, an appeal must be from a "final order or judgment." *Johnston*, 63 Haw. at 11, 619 P.2d at 1077. In the civil context, this court has held that " '[f]inal order' means an order ending the proceedings, leaving nothing further to be accomplished." *Familian Northwest, Inc. v. Central Pacific Boiler & Piping, Ltd.*, 68 Haw. 368, 370, 714 P.2d 936, 937 (1986). Assuming that "final order" in the criminal context means the same thing, *Johnston* is distinguishable from the present case. The order in *Johnston* was an order *denying* the motion to dismiss. *Johnston*, 63 Haw. at 10, 619 P.2d at 1076. When dismissal is *denied* in a criminal case, the circuit court conducts further proceedings and, presumably, the case eventually goes to trial. Thus, an order *denying* a motion to dismiss is not final. The present case, however, involved an order *granting* a motion to dismiss. If dismissal is *granted*, there is nothing further to be accomplished in the trial court and the pro-

ceedings are ended. Thus, an order *granting* a motion to dismiss is final.

In addition, *Johnston* was an appeal brought by the defendant purportedly under HRS § 641–11, not an appeal by the prosecution under HRS § 641–13. *Id.* at 11, 619 P.2d at 1077. Thus, *Johnston* did not even involve the statute at issue in the present case. Therefore, the value of *Johnston* as authority for the present case is minimal.

The second case relied upon by the ICA is *State v. Olander*—a twenty-five year old case from another jurisdiction. In *Olander,* the lower court dismissed the case without prejudice. *Olander,* 509 P.2d at 62. The defendant appealed and argued, *inter alia,* that the dismissal should have been with prejudice. *Id.* at 61. On appeal, the prosecution argued that a dismissal without prejudice is not an appealable order. *Id.* at 62. The Washington Court of Appeals held: "There would appear to be merit in the state's position because of a lack of finality in a dismissal without prejudice." *Id.*

We reject *Olander* for two reasons. First, *Olander* was based, quite obviously, on Washington State law, not Hawai'i law. Second, we simply disagree with the conclusion of the Washington court regarding the finality of a dismissal without prejudice.

A criminal case is formally initiated by an indictment, complaint, or oral charge. *See* Hawai'i Rules of Penal Procedure Rule 7(a). When the indictment, complaint, or oral charge is dismissed, proceedings in the trial court are terminated. If the dismissal is with prejudice, the prosecution is prohibited from recharging the defendant later. *See*

*Black's Law Dictionary* 469 (6th ed.1990) (defining "dismissal with prejudice" as a "[t]erm meaning [dismissal] barring the right to bring or maintain an action on the same claim or cause"). If the dismissal is without prejudice, the prosecution is permitted to recharge the defendant later. *See id.* (defining "dismissal without prejudice" as a "[t]erm meaning dismissal without prejudice to the right of the complainant to sue again on the same cause of action"). However, even if the prosecution is allowed to recharge the defendant, recharging him/her does not revive the original case. Rather, recharging the defendant initiates a *new* case. Therefore, a dismissal without prejudice *is* a final order—it terminates the current case. The fact that the prosecution is allowed to initiate a new case later does not affect the termination of the current case.

Therefore, we hold that the ICA erred in dismissing the present appeal for lack of appellate jurisdiction.

### III.   *CONCLUSION*

For the foregoing reasons, we vacate the ICA's summary disposition order entered on February 27, 1998. Furthermore, we remand the case to the ICA in order to give the ICA the opportunity to decide the case on its merits.