[No. 27400-1-II. Division Two. October 25, 2002.]

THE STATE OF WASHINGTON, *Respondent*, v. GUY A. TAYLOR, *Appellant*.

*Mark D. Mestel*, for appellant.

*Edward G. Holm, Prosecuting Attorney*, and *Steven C. Sherman, Deputy*, for respondent.

*Neil M. Fox* on behalf of Washington Association of Criminal Defense Lawyers, amicus curiae.

BRIDGEWATER, J. — We are asked to decide whether in a criminal case, an ex parte order of dismissal without prejudice is reviewable. We hold that a dismissal without prejudice is not a final judgment under RAP 2.2 and that, because Taylor is not an aggrieved party under RAP 3.1, he cannot seek discretionary review under RAP 2.3. We affirm.

Taylor was charged with unlawful manufacture of a controlled substance. RCW 69.50.401(a)(1)(ii). Before Taylor's case reached trial, the State moved for dismissal because a witness was unavailable. Taylor was out of custody when the State dismissed, and 26 days of speedy trial remained; thus, Taylor's speedy trial right was not infringed.

 Taylor contends that a dismissal without prejudice is appealable by the State or the defendant because it is a final judgment under RAP 2.2(a)(1). He relies heavily on *State v. Rock*, 65 Wn. App. 654, 829 P.2d 232, *review denied*, 120 Wn.2d 1004 (1992). There, Division One of this court held that a dismissal without prejudice, under circumstances similar to this case, was a final judgment. *Rock*, 65 Wn. App. at 658. *Rock* requires that a defendant whose case is dismissed without prejudice immediately appeal that order rather than await refiling and challenge the dismissal postconviction. We disagree with *Rock*'s view of "finality" and believe that our reasoning in *State v. Olander*, 8 Wn. App. 563, 509 P.2d 60 (1973), is more persuasive. Although we decided *Olander* under the Court of Appeals Rules on Appeals, as those rules then governed, the standard for review was similar to the standard now in place under RAP 2.2(a)(1). In *Olander*, while noting the State's ability to refile the information, we cited the following passage from *State v. Siglea*, 196 Wash. 283, 285, 82 P.2d 583 (1938):

"As a prerequisite to an appeal in a criminal case, there must be a final judgment *terminating the prosecution of the accused and disposing of all matters submitted to the court* for its consideration and determination. *State v. Liliopoulos*, 165 Wash. 197, 5 P. (2d) 319 [(1931)]."

*Olander*, 8 Wn. App. at 566. We went on to state,

[t]here would appear to be merit in the state's position because of the lack of finality in a dismissal without prejudice. We also note, as did the trial judge in his memorandum decision, that questions of prejudice to the defendant, as well as other potential constitutional violations arising from the "without prejudice" dismissal, can be raised if and when a new information is filed.

*Olander*, 8 Wn. App. at 567. Thus, we held that a dismissal without prejudice was not a final judgment. The same reasoning applies today under RAP 2.2(a)(1).

■■ Additionally, RAP 3.1, which *Rock* did not discuss, weighs heavily in our decision. It would bar Taylor's appeal whether we decided, as we do not, that the dismissal was a final judgment or that Taylor could appeal under discretionary review. RAP 3.1 states that "[o]*nly an aggrieved party may seek review by the appellate court*." (Emphasis added.) We do not know whether the State will refile the information. Until it does, Taylor is relieved of all restrictions and gets the benefit of a running statute of limitations period. Although some prejudice may accrue if the State refiles and witnesses are missing or evidence is lost, nothing is presently happening to Taylor apart from the running of the statute of limitations. If prejudice exists when the State refiles, Taylor can then take appropriate action. Until then, Taylor simply is not an aggrieved party. "The mere fact that one may be hurt in his feelings, or be disappointed over a certain result . . . does not entitle him to appeal. He must be 'aggrieved' in a legal sense." *State ex rel. Simeon v. Superior Court*, 20 Wn.2d 88, 90, 145 P.2d 1017 (1944). At this point, Taylor has not been injured in a legal sense; his injury is conjectural and hypothetical. Therefore, neither an appeal nor discretionary review is appropriate.[1]

Thus, we affirm the trial court on two grounds: the decision is not a final judgment; and Taylor is not an aggrieved party.

---

[1] We do not address the arguments concerning the ex parte conduct as being violative of due process. We strongly urge the State to avoid ex parte contacts; this motion should have been presented with notice at an appropriate time when defense counsel could be present. But, it has no effect on the outcome of this case.

Affirmed.

QUINN-BRINTNALL, A.C.J., and SEINFELD, J., concur.

Review granted at 149 Wn.2d 1017 (2003).