127 P.3d 781 (2006)
131 Wash.App. 379
Janet Sue LUDWIG, Appellant,
v.
WASHINGTON STATE DEPARTMENT OF RETIREMENT SYSTEMS, Respondent.
No. 32462-8-II.
Court of Appeals of Washington, Division 2.
January 31, 2006.
*782 Johnna M. Skyles, Jerome E. Westby, Attorneys at Law, Olympia, WA, for Respondent.
John Franklin Sherwood, Peterson Russell Kelly PLLC, Bellevue, WA, for Appellant.
QUINN-BRINTNALL, C.J.
¶ 1 Substitute House Bill (SHB) 2604, Laws of 2000, chapter 186, authorized certain retired members of the state pension system to delete what had previously been an irrevocable survivor benefit in exchange for increased monthly benefits. Ruth Timm deleted her designation of a survivor benefit in favor of Janet Ludwig. Ludwig sued, maintaining that SHB 2604 deprived her of a vested right to the survivor benefit. She also maintains that SHB 2604 is an unconstitutional modification of the state pension system. Like the superior court, we disagree with Ludwig. We affirm.

FACTS
¶ 2 Timm retired in 1973 as a member of the Washington State Teachers' Retirement System, Plan 1. Timm elected under former RCW 41.32.530 (1955) to receive a reduced monthly retirement allowance so she could provide a survivor benefit to a designated beneficiary. The survivor benefit was a monthly payment for the beneficiary's lifetime equal to one-half of the retiree's adjusted monthly allowance. Timm's designated beneficiary was her niece, Ludwig. The law in effect in 1973 stated that the designation was irrevocable.
¶ 3 In 2000, the legislature passed SHB 2604, which amended RCW 41.32.530.[1] The amendment provided in pertinent part: "No later than July 1, 2001 ... (b) [a] retired member who elected to receive a reduced retirement allowance under this section and designated a nonspouse as survivor beneficiary shall have the opportunity to remove the survivor designation and have their future benefit adjusted." RCW 41.32.530(4). SHB 2604 permitted retired members over the age of 90 to effectuate a change no later than July 1, 2000. Laws of 2000, ch. 186, § 3.
¶ 4 After SHB 2604 became effective, Timm requested the Department of Retirement Systems (DRS) to remove Ludwig's survivor designation. Timm was then 90 years old. Timm's request was made effective with her June 2000 benefit.
¶ 5 Timm died in May 2001. As of her death, Timm's deletion of the survivor designation had resulted in increased payments totaling $2,083.80.
¶ 6 In October 2002, Ludwig sent a letter to DRS requesting that her survivor benefit be reinstated because SHB 2604 unconstitutionally deprived her of a vested right to the benefit. DRS rejected Ludwig's request. Ludwig filed unsuccessful appeals to DRS and the superior court. Ludwig again appeals.

ANALYSIS
¶ 7 Ludwig maintains that SHB 2604 deprived her of a vested right in Timm's survivor benefit. She argues that the right vested because the survivor benefit was established under law that made the benefit irrevocable. Alternatively, Ludwig maintains that SHB 2604 unconstitutionally modified Timm's pension rights. We reject both contentions.
¶ 8 Timm had a vested right in her pension benefits: A state pension is a form of deferred compensation for services rendered and the rights in and to it commence to vest with the first day of employment or service. Tembruell v. City of Seattle, 64 Wash.2d 503, *783 506, 392 P.2d 453 (1964); see also Bakenhus v. City of Seattle, 48 Wash.2d 695, 698-99, 296 P.2d 536 (1956) (public pension rights are contractual in nature, based on a state promise made when the employee enters employment). A public employee's vested pension rights are, however, limited in two respects: First, they are subject to any designated condition precedent, such as a requisite period of service, and second, they are subject to reasonable modifications aimed at keeping the pension system secure and flexible in the face of changing economic conditions. Bakenhus, 48 Wash.2d at 698, 701-02, 296 P.2d 536.
¶ 9 Ludwig claims a vested right to Timm's survivor benefit. A law is said to be retrospective, and an unconstitutional violation of due process, when it takes away a vested right acquired under existing laws. Caritas Servs., Inc. v. Dep't of Soc. & Health Servs., 123 Wash.2d 391, 413, 869 P.2d 28 (1994); State v. Malone, 9 Wash.App. 122, 131, 511 P.2d 67, review denied, 82 Wash.2d 1011 (1973). We review de novo the constitutionality of legislation. Wash. State Grange v. Locke, 153 Wash.2d 475, 486, 105 P.3d 9 (2005). But a vested right is "something more than a mere expectation based upon an anticipated continuance of the existing law; it must have become a title, legal or equitable, to the present or future enjoyment of property, a demand, or a legal exemption from a demand by another." Godfrey v. State, 84 Wash.2d 959, 963, 530 P.2d 630 (1975). Here, Ludwig had no vested right in Timm's pension because her "right" derived from nothing more than an expectation in the continuation of a law that made the survivor designation irrevocable.
¶ 10 Ludwig's claim fails even if we assume for the sake of argument that she had a vested right to the survivor benefit. To establish her constitutional claim, Ludwig must show state action depriving her of a vested right; the constitution does not protect against the private deprivation of a "vested" right. See Kennebec, Inc. v. Bank of the W., 88 Wash.2d 718, 721, 565 P.2d 812 (1977). "Simple enactment of a statute permitting, but not requiring, private conduct with no further significant participation by the state is not state action." Long v. Chiropractic Soc. of Wash., 93 Wash.2d 757, 762, 613 P.2d 124 (1980). Here, it was Timm, not SHB 2604 or the state, which deprived Ludwig of her claimed right to the pension. SHB 2604 allowed but did not require that Timm modify her pension rights through elimination of the survivor benefit. Timm had created the benefit as part of her deferred compensation; Timm, not the state, chose to exercise her option to revoke the nonspousal survivor benefit. Because the state did not deprive Ludwig of any potential vested right, Ludwig's due process claim fails.
¶ 11 Ludwig also maintains that SHB 2604 is an unlawful infringement of Timm's vested pension rights. Modifications of vested pension rights must support the pension system. Any changes which may infringe on employees' pension rights must be offset by comparable new advantages. See Bakenhus, 48 Wash.2d at 701-02, 296 P.2d 536. But we do not address this issue because Ludwig lacks standing to challenge SHB 2604 on Timm's behalf.
¶ 12 Generally a litigant does not have standing to challenge a statute in order to vindicate the constitutional rights of a third party. Mearns v. Scharbach, 103 Wash.App. 498, 511, 12 P.3d 1048 (2000), review denied, 143 Wash.2d 1011, 21 P.3d 291 (2001). The litigant may have standing if (1) the litigant has suffered an injury-in-fact, giving him a sufficiently concrete interest in the outcome of the disputed issue; (2) the litigant has a close relationship to the third party; and (3) there exists some hindrance to the third party's ability to protect his or her own interests. Mearns, 103 Wash.App. at 512, 12 P.3d 1048.
¶ 13 Ludwig cannot satisfy the third standing element. Timm testified and lobbied for the change in her pension plan. And after passage of SHB 2604, nothing prevented Timm from protecting her pension interests. At base, it was Timm's decision to invoke the provisions of SHB 2604 that Ludwig challenges. Ludwig does not have standing to *784 argue the constitutionality of SHB 2604's modification to the state pension system.
¶ 14 Affirmed.
We concur: BRIDGEWATER and HUNT, JJ.
NOTES
[1] The record reflects that Timm participated in lobbying the legislature and governor's office for passage of SHB 2604.