**Electronically Filed
Supreme Court
SCAP-21-0000562
03-MAR-2023
08:13 AM
Dkt. 7 OP**

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---o0o---

STATE OF HAWAI'I,
Plaintiff-Appellee/Cross-Appellant,

vs.

DAVID JOHN MICHAELEDES,
Defendant-Appellant/Cross-Appellee.

SCAP-21-0000562

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CAAP-21-0000562 and CAAP-21-0000569; CASE NO. 5CPC-21-0000174)

MARCH 3, 2023

RECKTENWALD, C.J., NAKAYAMA, McKENNA, WILSON, AND EDDINS, JJ.

OPINION OF THE COURT BY RECKTENWALD, C.J.

## I.    INTRODUCTION

David John Michaeledes was charged with several counts arising from an alleged hit and run.  The Circuit Court of the Fifth Circuit dismissed the charging document as insufficient.  The State appealed to the Intermediate Court of Appeals ("ICA") and simultaneously recharged Michaeledes via a second "Felony

Information and Non-Felony Complaint," which attempted to correct the inadequacies in the first charging document identified by the circuit court. The circuit court dismissed the second charging document for lack of jurisdiction while the first charging document remained pending on appeal before the ICA. We hold that the filing of the notice of appeal in the first case did not divest the circuit court of jurisdiction over the second case recharging Michaeledes for the same criminal conduct.

## II. BACKGROUND

On December 28, 2020, Michaeledes was charged in Case No. 5CPC-20-0000283 via "Felony Information and Non-Felony Complaint" with three criminal counts for Reckless Driving of Vehicle, Hawai'i Revised Statutes ("HRS") § 291-2 (2020); Assault in the Second Degree, HRS § 707-711(1)(a) and/or (d) (2014); and Accidents Involving Substantial Bodily Injury, HRS § 291C-12.5 (2020). Michaeledes moved to dismiss the charges, arguing the charging language was fatally insufficient. The State subsequently moved to amend its original "Felony Information and Non-Felony Complaint" and Michaeledes opposed that motion, arguing that a felony information may not be amended over a defendant's objection under Hawai'i Rules of Penal Procedure

2

(HRPP) Rule 7(f)(1) (2018)[1] and HRS § 806-9 (2014).[2]  The circuit court agreed with Michaeledes and, on August 10, 2021, entered written orders denying the State leave to amend and granting Michaeledes's motion to dismiss without prejudice.[3]  On August 17, 2021, the State appealed the circuit court's August 10 orders.[4]

Shortly thereafter, on August 31, 2021, the State recharged Michaeledes in Case No. 5CPC-21-0000174 by way of a second "Felony Information and Non-Felony Complaint," this time alleging statutory definitions and elements omitted in the first "Felony Information and Non-Felony Complaint."  The counts in

---

[1]     HRPP Rule 7(f)(1) provides: "The court may permit a charge other than an indictment to be amended at any time before trial commences if substantial rights of the defendant are not prejudiced."

[2]     HRS § 806-9 provides:

> All provisions of law applying to prosecutions upon indictments, to writs and process therein, and the issuing and service thereof, to motions, pleadings, trials, and punishments, or the passing or execution of any sentence, and to all proceedings in cases of indictment, whether in the court of original or appellate jurisdiction, shall in the same manner and to the same extent as near as may be, apply to information and all prosecutions and proceedings thereon.

[3]     The Honorable Randal G.B. Valenciano presided.

[4]     In its appeal of the dismissal of the first "Felony Information and Non-Felony Complaint," the State raises three arguments: (1) the Reckless Driving charge was not defective for failing to allege Michaeledes operated a vehicle on a public highway; (2) as a matter of law, a felony information may be amended to allege statutory definitions or essential elements; and (3) the circuit court abused its discretion by dismissing the case.  This appeal, which arises from the first "Felony Information and Non-Felony Complaint," was docketed as CAAP-21-0000466.  This appeal is not currently before this court, and therefore we do not address the merits.

the first "Felony Information and Non-Felony Complaint" (hereinafter, the "first charging document") are the same as those alleged in the second "Felony Information and Non-Felony Complaint" (hereinafter, the "second charging document").

Michaeledes moved to dismiss the second charging document for lack of jurisdiction under State v. Ontiveros, 82 Hawaiʻi 446, 923 P.2d 388 (1996), since the appeal of the first charging document was pending before the ICA. On September 20, 2021, the circuit court agreed with Michaeledes and orally dismissed the second charging document, this time for lack of jurisdiction.[5] The State moved to reopen the hearing to clarify whether the dismissal was with or without prejudice. On September 30, 2021, the circuit court held a hearing on the State's Motion to Reopen Hearing at which Michaeledes was not present.

On October 1, 2021, the circuit court entered a written order reopening the September 20, 2021 hearing on Michaeledes's Motion to Dismiss for Lack of Jurisdiction and clarified that its dismissal of the second charging document was without prejudice.[6] On October 7, 2021, the circuit court then

---

[5] The Honorable Randal G.B. Valenciano presided.

[6] In its October 1 order, the circuit court explained it "intended that said dismissal would be WITHOUT prejudice" and "clarifie[d] that the Felony Information and Non-Felony Complaint filed in the above-captioned case is dismissed without prejudice."

(continued . . .)

entered a written order dismissing the second charging document.[7]

Michaeledes appealed the October 1 order, arguing the complaint

should be dismissed with prejudice.  The State appealed the

October 7 order, arguing Ontiveros did not divest the circuit

court of jurisdiction to proceed against Michaeledes on the

second charging document.  The appeals of the October 1 and

October 7 orders, both arising from the second charging

document, were subsequently consolidated and are now before this

court.[8]

### III. STANDARDS OF REVIEW

**A.   Jurisdiction**

Whether the circuit court had jurisdiction is reviewed

under the right/wrong standard.  Ontiveros, 82 Hawai'i at 448,

923 P.2d at 390.

**B.   Questions of Law**

"We review questions of law under the right/wrong

standard."  State v. Hernandez, 143 Hawai'i 501, 507, 431 P.3d

---

(continued . . .)

[7]     In its October 7 order, the circuit court explained in a footnote that during the September 30 hearing, it had orally granted the State's Motion to Reopen Hearing and "clarified the order of dismissal was without prejudice."

[8]     Michaeledes's appeal arising from the October 1 order was docketed as CAAP-21-0000562.  The State's appeal arising from the October 7 order was docketed as CAAP-21-0000569.  The consolidated appeals were docketed as CAAP-21-0000562.

1274, 1280 (2018) (citing <u>State v. Gomez-Lobato</u>, 130 Hawaiʻi 465, 469, 312 P.3d 897, 901 (2013)).

## C.   Interpretation of Court Rules

"'When interpreting rules promulgated by the court, principles of statutory construction apply.'" <u>State v. Thompson</u>, 150 Hawaiʻi 262, 266, 500 P.3d 447, 451 (2021) (quoting <u>State v. Baron</u>, 80 Hawaiʻi 107, 113, 905 P.2d 613, 619 (1995)). "The interpretation of a statute is a question of law which this court reviews <u>de novo</u>." <u>Id.</u> (citing <u>State v. Ruggiero</u>, 114 Hawaiʻi 227, 231, 160 P.3d 703, 707 (2007)).

## IV.  DISCUSSION

In its appeal of the October 7 order, the State argues that the notice of appeal arising from the first charging document did not divest the circuit court of jurisdiction over the second case that was based on the second charging document.

In his appeal of the October 1 order, Michaeledes argues: (1) the circuit court erred when it granted the State's Motion to Reopen Hearing because the rule of lenity requires otherwise; (2) even if the circuit court could reopen the hearing, the circuit court failed to articulate its reasoning for dismissing the case without prejudice; and (3) the circuit court violated Michaeledes's rights under HRPP Rule 43 (2018) by hearing and ruling on the State's Motion to Reopen Hearing despite him not being present.

We address each argument in turn.

**A.   The Notice of Appeal Divested the Circuit Court Only of Jurisdiction over the Appealed Case**

We first turn to the single point of error raised on appeal raised by the State.  At issue is whether the State is barred from prosecuting Michaeledes under a second charging document alleging identical counts, while the State's appeal of the dismissal of the first charging document is pending before the ICA.  Michaeledes argues that, under Ontiveros, the circuit court properly dismissed the second charging document for lack of jurisdiction.  The State counters that Ontiveros does not apply because a "notice of appeal divests the trial court of jurisdiction over the appealed case," and thus a pending appeal does not bar the State from re-charging Michaeledes in a second, separate case.  82 Hawai'i at 448-49, 923 P.2d at 390-91 (emphasis added) (quoting Richardson v. Sport Shinko (Waikiki Corp.), 76 Hawai'i 494, 500, 880 P.2d 169, 175 (1994)).  We agree.

We take this opportunity to clarify that the notice of appeal divested the circuit court only of jurisdiction over the appealed case and not the subsequent case, which was based on a distinct charging document.

1. **The State's appeal in the first case did not divest the circuit court of jurisdiction over the second case recharging Michaeledes with the same criminal conduct**

Our decisions in Ontiveros and Kalani inform our reasoning here. In Ontiveros, we explained "[t]he general rule is that the filing of a notice of appeal divests the trial court of jurisdiction over the appealed case." Id. (emphasis added). Michaeledes argues the general rule in Ontiveros should govern here, and that we should hold the circuit court was divested of jurisdiction over the refiled case. We disagree. Because recharging the defendant does not revive the original case, but instead initiates a new case, the appeal of the first case does not divest the trial court of jurisdiction over the second case. See State v. Kalani, 87 Hawai'i 260, 262, 953 P.2d 1358, 1360 (1998). Ontiveros only "divests the trial court of jurisdiction over the appealed case." 82 Hawai'i at 448-49, 923 P.2d at 390-91 (emphasis added).

In Ontiveros, the defendant was charged with multiple counts arising from his failure to stop at a red light while driving under the influence (DUI). Id. at 447, 923 P.2d at 389. The defendant moved to dismiss, alleging double jeopardy because he was already subject to an administrative driver's license revocation as a result of his conduct, and the district court denied the motion. Id. During a recess immediately following the district court's denial, the defendant filed a notice of

8

appeal to this court of the ruling denying his motion to dismiss under HRS § 641-17 (1993),[9] arguing lack of jurisdiction. Id. at 447-48, 923 P.2d at 389-90. When court reconvened and the defendant notified the district court of his appeal, the district court "concluded that the notice of appeal was a nullity" because the supreme court lacked jurisdiction over interlocutory appeals from district courts. Id. The district court subsequently convicted the defendant on the DUI charges. Id. at 448, 923 P.2d at 390.

We held that because the denial of a motion to dismiss is not immediately appealable, the notice of appeal was jurisdictionally defective and therefore did not divest the trial court of jurisdiction. Id. at 451-52, 923 P.2d at 393-94. Thus, the district court had jurisdiction when it entered

---

[9] HRS § 641-17, which allowed direct appeals of criminal matters from the circuit court to the supreme court, provided in relevant part:

> **Interlocutory appeals from circuit courts, criminal matters.** Upon application made within the time provided by the rules of the supreme court, an appeal in a criminal matter may be allowed to a defendant from the circuit court to the supreme court, subject to chapter 602, from a decision denying a motion to dismiss or from other interlocutory orders, decisions, or judgments, whenever the judge in the judge's discretion may think the same advisable for a more speedy termination of the case. The refusal of the judge to allow an interlocutory appeal to the appellate court shall not be reviewable by any other court.

(Emphasis added).

HRS § 641-17 was amended in 2004 to direct appeals to the ICA in the first instance. 2004 Haw. Sess. Laws Act 202, § 71 at 945.

judgment against the defendant and convicted him on the DUI charge.  Id.

In Kalani, the defendants were charged with assault in the second degree for allegedly beating their child.  87 Hawaiʻi at 260, 953 P.2d at 1358.  When the circuit court granted the defendants' oral motion to dismiss without prejudice, the State appealed the order to the ICA.  Id.  The ICA dismissed the State's appeal for lack of appellate jurisdiction "because an order of dismissal without prejudice is not a final appealable order."  Id.

We held that because an order granting a motion to dismiss terminates proceedings in the trial court, "an order granting a motion to dismiss is final."  Id. at 262, 593 P.2d at 1360.  Thus, the ICA improperly dismissed the appeal because it had appellate jurisdiction to review the order granting the motion to dismiss without prejudice.  Id.  We explained that regardless of whether a dismissal is with or without prejudice, it is a final order because refiling a new charging document does not "revive the original case," instead it "initiates a new case."  Id.

Here, there is no dispute that the August 17, 2021 notice of appeal divested the circuit court of jurisdiction over the first case arising from the first charging document.

Instead, Michaeledes contends our rule in <u>Ontiveros</u> also divested the circuit court of jurisdiction in the second case.

We disagree because, as we explained in <u>Kalani</u>, "recharging [the defendant] does not revive the original case. Rather, recharging the defendant initiates a <u>new</u> case." 87 Hawaiʻi at 262, 953 P.2d at 1360. The circuit court's order dismissing the first case without prejudice was a final order terminating only that case. <u>See</u> <u>id.</u> (explaining that a "dismissal without prejudice <u>is</u> a final order" that "terminates the current case").

The second charging document alleging the same three counts initiated a second case, separate from the first case arising from the first charging document. Because the notice of appeal only divested the circuit court of jurisdiction over the first case on appeal, and because the second case is a new case, separate and distinct from the first, the circuit court has jurisdiction to hear the second case while the first case is pending appeal before the ICA.[10]

---

[10] Other jurisdictions that have considered whether the State may initiate a second case based on the same underlying facts while the first case is on appeal have likewise found no jurisdictional barrier to the trial court considering the second case. In <u>State v. Thayer</u>, the Oregon Court of Appeals held:

> We agree with the state. Certainly, filing the notice of appeal concerning the dismissal of the first information deprived the trial court - subject to exceptions not pertinent to this case - of jurisdiction to proceed with the prosecution of that case. <u>State v. Stevens</u>, 134 Or.

(continued . . .)

11

2.     **Allowing the first case and second case to proceed simultaneously promotes judicial efficiency without risk of confusion**

As we explained in TSA Int'l Ltd. v. Shimizu Corp., the general rule identified in Ontiveros "is designed to avoid the confusion and inefficiency that might flow from placing the same issue before two courts at the same time."  92 Hawai'i 243, 265, 990 P.2d 713, 735 (1999) (citing 9 J. Moore, Moore's Federal Practice ¶ 203.11 at 5-50 (2d ed. 1996)).

Here, allowing the appeal of the first case to proceed concurrently with the second case is unlikely to result in confusion because the two cases raise distinct legal issues.

---

(continued . . .)
App. 1, 894 P.2d 1217 (1995).  Nothing precluded the state from initiating a separate action by filing a second information, however.  Defendant cites no authority for his contention that the state is precluded from doing just that; he merely complains that it presents the practical problem of requiring him to defend the dismissal of the case against him on two fronts.  That may be so but such practical difficulties do not amount to a jurisdictional impediment.

974 P.2d 699, 701 (Or. Ct. App. 1999).

Similarly, in Brown v. State, the Georgia Court of Appeals also addressed whether the trial court could hear a case arising from a second indictment when the first was on appeal as procedurally defective.  745 S.E.2d 699, 702 (Ga. Ct. App. 2013).  The Georgia Court of Appeals concluded the trial court could, explaining:

The Second Indictment initiated a completely separate prosecution on the same charges, and no contention is raised that the Second Indictment suffered from the same infirmity as the First Indictment.  Thus, the trial court's acceptance of the Second Indictment had no effect on the issue of whether the First Indictment was valid, and the trial court thus had jurisdiction to consider the Second Indictment.

Id. (footnotes omitted).

12

The appeal arising from the first charging document concerns the narrower issue of whether the State may amend a felony information and whether a Reckless Driving of Vehicle charge is defective for failing to allege a defendant operated a vehicle on a public highway.  The second case arising from the second charging document more broadly concerns Michaeledes's criminal liability.  Because the appeal of the first case does not concern the merits of the underlying charged offenses, simultaneous or subsequent rulings in one of these cases are unlikely to invalidate or supersede the other.

Similarly, allowing both cases to proceed will not result in undue inefficiency.  Rather, requiring the appeal of the first case either be adjudicated or withdrawn prior to allowing the State to pursue its prosecution of Michaeledes would be less efficient than allowing the cases to proceed concurrently, especially since doing so does not "plac[e] the same issue before two courts at the same time."  Id.  Allowing both cases to proceed simultaneously most efficiently provides a speedy determination of Michaeledes's criminal liability while also allowing the State to pursue the legal issues presented in its appeal of the first case.[11]

---

[11]     We note, as the State argues, that jeopardy has not yet attached to either case and as such, Michaeledes would not be subject to double jeopardy by allowing both cases to proceed simultaneously.  See State v. Moriwake, 65 Haw. 47, 51, 647 P.2d 705, 709 (1982) (determining that the

(continued . . .)

**B.    Michaeledes's Points of Error Lack Merit**

On appeal, Michaeledes argues: (1) the circuit court erred when it granted the State's Motion to Reopen Hearing because the rule of lenity requires otherwise; (2) even if the circuit court could reopen the hearing, the circuit court failed to articulate a basis for dismissing the case without prejudice; and (3) the circuit court violated Michaeledes's rights under HRPP Rule 43 by hearing and ruling on the State's Motion to Reopen Hearing despite him not being present.  We address each argument in turn.

First, Michaeledes argues that because the dismissal of the second case for lack of jurisdiction did not specify it was without prejudice, the rule of lenity requires it be construed as a dismissal with prejudice.  This argument is without merit.  The rule of lenity does not apply because the dismissal was for lack of jurisdiction and does not involve a question of statutory interpretation.  See State v. Guyton, 135 Hawai'i 372, 380, 351 P.3d 1138, 1146 (2015) ("This longstanding

---

(continued . . .)
"prohibition against double jeopardy is not implicated until jeopardy has 'attached'" (quoting Serfass v. United States, 420 U.S. 377, 388 (1975))). As we explained in State v. Quitog, "'it is generally accepted that in jury trials, jeopardy attaches when the jury is empaneled and sworn[.]'"  85 Hawai'i 128, 141, 938 P.2d 559, 572 (1997) (alteration in original) (quoting State v. Baranco, 77 Hawai'i 351, 355, 884 P.2d 729, 733 (1994)).  Both in the first case arising from the first charging document and the second case arising from the second charging document, a jury has not been impaneled or sworn in.

precept of <u>statutory interpretation</u> states that '[w]here a <u>criminal statute</u> is ambiguous . . . the statute must be strictly construed against the government and in favor of the accused.'" (emphasis added) (ellipses in original) (quoting <u>State v. Shimabukuro</u>, 100 Hawai'i 324, 327, 60 P.3d 274, 277 (2002)).

Second, Michaeledes argues that the circuit court failed to articulate a basis for its order to dismiss without prejudice. Michaeledes relies on <u>State v. Estencion</u>, which requires trial courts to consider various factors and articulate written reasoning for dismissing a case with or without prejudice in the speedy trial context under HRPP Rule 48 (2018). 63 Haw. 264, 268-69, 625 P.2d 1040, 1043-44 (1981). <u>Estencion</u> and its progeny are irrelevant because Michaeledes moved to dismiss for lack of jurisdiction under HRPP Rule 12(b)(1) (2018),[12] not under HRPP Rule 48 for a speedy trial violation. Michaeledes cites no applicable authority for his contention that trial courts must provide a basis for dismissing a case without prejudice when that dismissal is for lack of jurisdiction. Even were Michaeledes to point to such an

---

[12] HRPP Rule 12(b)(1) provides:

> **(b) Pretrial Motions.** Any defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion. Motions may be written or oral at the discretion of the judge. The following must be raised prior to trial:
> (1) defenses and objections based on defects in the institution of the prosecution[.]

15

authority, it does not appear that a dismissal with prejudice would be appropriate given the circumstances of this case because the jurisdictional defect was curable.  Put another way, since the basis for the jurisdictional defect would be eliminated once the first appeal is resolved, it would make no sense to preclude the State from returning to court once that condition had been satisfied.

Third, Michaeledes argues the circuit court violated his rights under HRPP Rule 43[13] by hearing and ruling on the State's Motion to Reopen Hearing despite Michaeledes's absence.  While HRPP Rule 43 requires the defendant "at pretrial evidentiary hearings" and "at every stage of the trial," the

---

[13]     HRPP Rule 43 provides in relevant part:

> **Rule 43.  Presence of the Defendant.**
>      **(a) Presence required.**  The defendant shall be present at the arraignment, at the time of the plea, at evidentiary pretrial hearings, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this Rule.
>
> . . .
>
>      **(c) Presence not required.**  A defendant need not be present either physically or by video conference if:
>      (1) the defendant is a corporation and appears by counsel; or
>      (2) the proceeding is a conference or argument upon a question of law; or
>      (3) the proceeding is a reduction of sentence under Rule 35.

(Emphases added).

defendant's presence is not required if "the proceeding is a conference or argument upon a question of law," as it was here.

### V.    CONCLUSION

For the foregoing reasons, the circuit court erred in dismissing Case No. 5CPC-21-0000174 for lack of jurisdiction. Accordingly, we reverse: (1) the circuit court's October 1, 2021 order to the extent it dismissed the case for lack of jurisdiction; and (2) the circuit court's October 7, 2021 order dismissing the case for lack of jurisdiction.  The case is remanded for further proceedings consistent with this opinion.

Rebecca Vogt Like
Tracy J. Murakami
for Plaintiff-Appellee/
Cross-Appellant

Emmanuel G. Guerrero
for Defendant-Appellant/
Cross-Appellee

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Michael D. Wilson

/s/ Todd W. Eddins

