**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000020
09-MAY-2023
08:03 AM
Dkt. 59 SO

NO. CAAP-22-0000020

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
MATTHEW JOHN TRULOCK, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-21-01315)

SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, and Wadsworth and Chan, JJ.)

Defendant-Appellant Matthew John Trulock (**Trulock**) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment (**Judgment**), entered on December 22, 2021, in the District Court of the First Circuit, Honolulu Division (**District Court**).[1] For the reasons explained below we affirm the Judgment, which dismissed the case against Trulock without prejudice.

On July 26, 2021, Trulock was charged by Complaint with Operating a Vehicle Under the Influence of an Intoxicant (**OVUII**), in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1) and/or (a)(3) (2020). The Complaint was signed by a deputy prosecuting attorney, but was not subscribed under oath by a complainant or accompanied by a declaration in lieu of affidavit.

On December 10, 2021, the Hawaiʻi Supreme Court decided State v. Thompson, 150 Hawaiʻi 262, 500 P.3d 447 (2021), which held that a penal summons or arrest warrant cannot be issued on

_____

[1] The Honorable Alvin K. Nishimura presided.

the basis of a complaint that is not compliant with HRS § 805-1.[2/] Id. at 267-69, 500 P.3d at 452-54; see State v. Mortensen-Young, 152 Hawaiʻi 385, 393-95, 526 P.3d 362, 370-72 (2023) (construing Thompson).

On December 15, 2021, Trulock filed a Notice of Non-Appearance and Objection to Defective Complaint (**Notice and Objection**), which sought dismissal of the Complaint based on the Thompson ruling. The Notice and Objection further stated in part:

> Defendant objects to the fatally defective complaint against him and will not be appearing in any further proceedings in this matter until such time as: the prosecution dismisses this case; files a complaint that complies with HRS § 805-1; and causes Defendant to be served with a valid penal summons. Defendant also objects to any further substantive progress, discussion, or actions taken in this matter during his absence.

The State filed a memorandum in opposition to the Notice and Objection.

On December 22, 2021, the District Court held a hearing on the Notice and Objection, which the court treated as a motion to dismiss the Complaint. After considering the matter, the District Court granted the motion to dismiss. The court ruled that the Complaint failed to meet the requirements of HRS § 805-1, which the court construed as "apply[ing] to all criminal complaints regardless of whether [the] State uses the complaint to seek [a] penal summons or arrest warrant."

---

[2/]  At the time of the alleged offense here and in Thompson, HRS § 805-1 (2014) provided, in pertinent part:

> When a complaint is made to any prosecuting officer of the commission of any offense, the prosecuting officer shall examine the complainant, shall reduce the substance of the complaint to writing, and shall cause the complaint to be subscribed by the complainant under oath, which the prosecuting officer is hereby authorized to administer, or the complaint shall be made by declaration in accordance with the rules of court. . . . Upon presentation of the written complaint to the judge in whose circuit the offense allegedly has been committed, the judge shall issue a warrant, reciting the complaint and requiring the sheriff, or other officer to whom it is directed, except as provided in section 805-3, to arrest the accused and to bring the accused before the judge to be dealt with according to law; and in the same warrant the judge may require the officer to summon such witnesses as are named in the warrant to appear and give evidence at trial. The warrant may be in the form established by the usage and practice of the issuing court.

The court then heard argument as to whether the dismissal should be with or without prejudice. The State contended that the dismissal should be without prejudice. Trulock contended that the dismissal should be with prejudice, arguing, among other things, that "[t]his is one step above a traffic citation," and "the reason that trial has not occurred is discovery issues in this case."

After considering the parties' positions, the District Court ruled as follows:

> The court dismisses without prejudice. I think the Estencion[3] factors weigh in favor of dismissal without. This is a serious offense.
>
> The case hasn't been prosecuted as a result of the pandemic. I mean, as everybody knows, we've been not having trials for a while because of the pandemic situation.
>
> In the meantime . . . we have handled a lot of discovery issues. As counsel knows, I think, [defense counsel], I don't know exact number, but you filed many, many discovery motions, which we did address a lot of it during this time.
>
> But, in any event, the delay is not caused by any reason from the State. So the court dismisses without prejudice and grants leave for the State to refile if they so choose.

(Footnote added.) The same day, i.e., December 22, 2021, the District Court entered the Judgment, granting the motion to dismiss without prejudice.

On January 24, 2022, the District Court issued its "Findings of Fact, Conclusions of Law, and Order" (**FOFs/COLs**). The FOFs/COLs made clear that the case was dismissed without prejudice based on the supreme court's ruling in Thompson and the District Court's conclusion that under HRS § 805-1, all criminal complaints must be supported by an affidavit or declaration signed by a complainant. No other reason was given for the dismissal without prejudice.

On appeal, Trulock contends in part that "[t]he case should have been dismissed with prejudice and/or the decision to dismiss without prejudice was supported by insufficient and/or incorrect findings." Relatedly, Trulock contends that the

---

[3] State v. Estencion, 63 Haw. 264, 625 P.2d 1040 (1981).

3

District Court erred in applying the speedy trial provisions of Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 48 and in failing to consider alleged discovery violations by the State.

The State agrees with Trulock that "the [D]istrict [C]ourt's findings of fact do not clearly articulate the basis for dismissing the case without prejudice[,]" and the case should be remanded "to permit the [D]istrict [C]ourt to make the requisite findings of fact supporting the dismissal without prejudice."

Although great weight is granted when the prosecution confesses error, Territory v. Kogami, 37 Haw. 174, 175 (Haw. Terr. 1945), "appellate courts have an independent duty 'first to ascertain that the confession of error is supported by the record and well-founded in law and second to determine that such error is properly preserved and prejudicial.'" State v. Veikoso, 102 Hawaiʻi 219, 221-22, 74 P.3d 575, 577-78 (2003) (quoting State v. Hoang, 93 Hawaiʻi 333, 336, 3 P.3d 499, 502 (2000)). "In other words, 'a confession of error by the prosecution is not binding upon an appellate court[.]'" Id. at 222, 74 P.3d at 578 (quoting Hoang, 93 Hawaiʻi at 336, 3 P.3d at 502).

Initially, we note that the Hawaiʻi Supreme Court recently held in Mortensen-Young that HRS § 805-1 (2014) applies only to criminal complaints used to obtain a penal summons or arrest warrant. 152 Hawaiʻi at 393-95, 526 P.3d at 370-72. In other cases, such as the OVUII prosecutions at issue in Mortensen-Young, HRPP Rule 7 provides the proper framework to analyze the sufficiency of complaints. In Mortensen-Young, the supreme court held that the trial court improperly dismissed the complaints against the appellees, reasoning that the charging instruments had complied with HRPP Rule 7(d), and were thus sufficient to initiate prosecutions for OVUII. Id. at 399, 526 P.3d at 376.

Here, as in Mortensen-Young, HRS § 805-1 is inapplicable because the Complaint was not used to obtain a penal summons or arrest warrant. The Complaint set forth a plain and concise statement of the essential facts, was signed by the prosecutor, and referenced the statute that Trulock allegedly

violated, as required by HRPP Rule 7(d). Therefore, the complaint was sufficient to initiate the subject prosecution, and the District Court erred in dismissing the case based on Thompson.

Nevertheless, the State did not appeal from the Judgment, and Trulock does not challenge the dismissal of the Complaint. The only issue before this court is whether the District Court erred in dismissing the Complaint without (as opposed to with) prejudice or in failing to make adequate findings to support its decision.

In arguing that the District Court should have dismissed the case with prejudice, Trulock points to alleged errors and miscalculations by the District Court in applying HRPP Rule 48 and in failing to consider alleged discovery violations by the State. However, Trulock provides no authority supporting his argument that these issues are relevant in determining whether a complaint dismissed under Thompson for non-compliance with HRS § 805-1 — and not dismissed for Rule 48 or discovery violations — should be dismissed with or without prejudice. Cf. Thompson, 150 Hawaiʻi at 269-70, 500 P.3d at 454-55 (ruling that the family court did not abuse its discretion in dismissing without prejudice a complaint that did not comply with HRS § 805-1). Even were Trulock to point to such authority, it would not apply here, where HRS § 805-1 itself was inapplicable and the Complaint was sufficient to initiate the OVUII prosecution. See supra.

In arguing that the District Court failed to make adequate findings to support its decision to dismiss without prejudice, Trulock relies on State v. Hern and State v. Estencion, which require trial courts to consider various factors and to clearly articulate the reasons for dismissing a case with or without prejudice under HRPP Rule 48. See Hern, 133 Hawaiʻi 59, 63-64, 323 P.3d 1241, 1245-46 (App. 2013), abrogated on other grounds by State v. Nicol, 140 Hawaiʻi 482, 494 n.12, 403 P.3d 259, 271 n.12 (2017); Estencion, 63 Haw. at 268-69, 625 P.2d at 1043-44; see also State v. Michaeledes, 152 Hawaiʻi 217, 223, 524 P.3d 1241, 1247 (2023) (construing Estencion). However, Hern and

5

Estencion appear to be irrelevant, because the District Court granted Trulock's motion to dismiss under Thompson, not under HRPP Rule 48.  Cf. Michaeledes,152 Hawaiʻi at 223, 524 P.3d at 1247 (ruling that Estencion and its progeny were irrelevant where the defendant moved to dismiss for lack of jurisdiction under HRPP Rule 12(b)(1), not under HRPP Rule 48).  Neither Trulock nor the State cite any applicable authority for the proposition that trial courts must provide a basis for dismissing a complaint without prejudice when the dismissal is for non-compliance with HRS § 805-1.  Even were Trulock or the State to point to such authority, a dismissal with prejudice plainly would not be appropriate here, where HRS § 805-1 was inapplicable and the Complaint was sufficient to initiate the OVUII prosecution.  See supra; Michaeledes,152 Hawaiʻi at 223, 524 P.3d at 1247.  Put another way, since the sole basis for dismissal of the Complaint was erroneous, it would make no sense to preclude the State from returning to court and refiling the Complaint, if it so chose.

For these reasons, the Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on December 22, 2021, in the District Court of the First Circuit, Honolulu Division, is affirmed.

DATED:  Honolulu, Hawaiʻi, May 9, 2023.


On the briefs:

Richard L. Holcomb
(Holcomb Law LLLC)
for Defendant-Appellant.

Donn Fudo,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Derrick H.M. Chan
Associate Judge