**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000715
04-SEP-2024
08:18 AM
Dkt. 64 SO**

NO. CAAP-23-0000715

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAII, Plaintiff-Appellee,
v.
THAD JARVIS THOMPSON, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 1CPC-20-0001071)

SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Nakasone and McCullen, JJ.)

In this appeal, Defendant-Appellant Thad Jarvis Thompson (**Thompson**) challenges the pre-trial amendment of a defective Felony Information on the basis that Hawai'i Rules of Penal Procedure (**HRPP**) Rule 7(f)[1] conflicts with Hawaii Revised

---

[1] HRPP Rule 7(f) liberally permits pre-trial amendment of non-indictment charging instruments like the information in this case. HRPP Rule 7, entitled "Indictment, Information, or Complaint," provides in pertinent part: "**(f) Amendment.** (1) The court may permit a charge other than an

Statutes (**HRS**) § 806-9.[2]   We conclude that the amendment was permissible and affirm.

Thompson appeals from the November 16, 2023 "Judgment of Conviction and Sentence" (**Judgment**) entered by the Circuit Court of the First Circuit (**Circuit Court**),[3] in which Thompson was found guilty of Assault in the Second Degree.  Thompson contends that the Circuit Court erred by "granting the State's Motion to Amend the Felony Information because HRPP Rule 7(f)(1) and HRS § 806-9 prohibit amendments."[4]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve Thompson's point of error as follows, and affirm.

The initial Felony Information in this case stated in pertinent part:

> On or about June 21, 2020, in the City and County of Honolulu, State of Hawaiʻi, THAD JARVIS THOMPSON did

_____

indictment to be amended at any time before trial commences if substantial rights of the defendant are not prejudiced."

    [2]   HRS § 806-9 (2014), entitled "Information, laws applicable," provides that laws applicable to prosecutions by indictments apply "to the same extent as near as may be," to prosecutions by informations, as follows:

> All provisions of law applying to prosecutions upon <u>indictments</u>, to writs and process therein, and the issuing and service thereof, to motions, pleadings, trials, and punishments, or the passing or execution of any sentence, and to all proceedings in cases of indictment, whether in the court of original or appellate jurisdiction, <u>shall in the same manner and to the same extent as near as may be, apply to information and all prosecutions and proceedings thereon</u>.

(Emphases added.)

    [3]   The Honorable Judge Kevin A. Souza presided.

    [4]   In light of our disposition that the amendment was permissible, we need not address Thompson's additional contention that the motion to dismiss the defective initial information was erroneously denied.

2

> intentionally, knowingly, or recklessly cause substantial bodily injury to [Complaining Witness (**CW**)], thereby committing the offense of Assault in the Second Degree, in violation of Section 707-711(1)(a) of the [HRS].

Thompson filed a "Motion to Dismiss Based Upon a Defective Charge" (**Motion to Dismiss**), arguing that "the charge [was] defective as the State failed to provide notice as to the particulars of the element of 'substantial bodily injury.'" Citing State v. Jardine, 151 Hawaiʻi 96, 508 P.3d 1182 (2022),[5] Thompson asserted that "the State should include a 'to wit' clause identifying the injuries suffered in charges alleging defendant had caused substantial bodily injury[.]" The State filed an opposition conceding the defect, but argued it was not fatal because the Felony Information "together with the discovery provided to [Thompson], sufficiently inform[ed] [Thompson] of the nature and cause of the accusation against him."

On November 7, 2022, while the hearing on Thompson's Motion to Dismiss was pending, the State filed a "Motion to Amend Felony Information" (**Motion to Amend Information**) pursuant to HRPP Rule 7(f), requesting to amend the Felony Information by adding the following underlined language:

> On or about June 21, 2020, in the City and County of Honolulu, State of Hawaiʻi, THAD JARVIS THOMPSON did intentionally, knowingly, or recklessly cause substantial bodily injury, to wit, a nasal bone fracture, to [CW], thereby committing the offense of Assault in the Second

---

[5] In Jardine, the defendant was charged with second-degree assault, in which the charging document did not define "substantial bodily injury" and did not specify the injury that the complainant suffered. 151 Hawaiʻi at 97-98, 508 P.3d at 1183-84. The Hawaiʻi Supreme Court held that the State was required to include the statutory definition of "substantial bodily injury"; and that because "substantial bodily injury" was a generic term, the State was required to "identify the species of injury by alleging that the alleged substantial bodily injury consisted of 'a bone fracture' and 'a serious concussion' in order to provide sufficient notice." Id. at 100-01, 508 P.3d at 1186-87 (citation omitted).

3

> Degree, in violation of Section 707-711(1)(a) of the [HRS]. Pursuant to Section 707-700 of the [HRS], "substantial bodily injury" means bodily injury which causes: (1) a major avulsion, laceration, or penetration of the skin; (2) a burn of at least second degree severity; (3) a bone fracture; (4) a serious concussion; or (5) a tearing, rupture, or corrosive damage to the esophagus, viscera, or other internal organs.

The proposed amendment appeared to address the Jardine defect that Thompson raised in the Motion to Dismiss. Thompson filed an opposition to the Motion to Amend Information, presenting the same arguments he advances in this appeal: that HRPP Rule 7(f)(1) does not permit the amendment of an information because it only allows "a charge other than an indictment" to be amended before trial; and an information and indictment must be treated the same pursuant to HRS § 806-9.

On December 5, 2022, a hearing was held on both the Motion to Dismiss and Motion to Amend Information.

On December 14, 2022, the Circuit Court filed its order denying the Motion to Dismiss, and its "Findings of Facts [sic], Conclusions of Law, and Order Granting State's Motion to Amend Felony Information" (**Order Granting Motion to Amend Information**). In the Order Granting Motion to Amend Information, the Circuit Court concluded that: HRPP Rule 7(f) permitted the amendment of a "'charge other than an indictment to be amended at any time before trial commences if substantial rights of the defendant are not prejudiced'"; that HRS § 806-9 "does _not_ bar the State from amending a Felony Information"; and that there was "no legitimate basis to [Thompson's] claim that the State's proposed amendment of the Felony Information prejudice[d] his substantial rights."

Following a jury trial on May 9 and 10, 2023, Thompson was found guilty as charged, and sentenced to five years of imprisonment. Thompson timely appealed the Judgment.

"When interpreting rules promulgated by the court, principles of statutory construction apply." State v. Michaeledes, 152 Hawaiʻi 217, 220, 524 P.3d 1241, 1244 (2023) (citation omitted). "The interpretation of a statute or court rule is a question of law which this court reviews de novo." State v. James, 153 Hawaiʻi 503, 510, 541 P.3d 1266, 1273 (2024) (cleaned up). "[T]he fundamental starting point for statutory interpretation is the language of the statute itself." Id. (citation omitted). "[W]here the statutory language is plain and unambiguous, our sole duty is to give effect to its plain and obvious meaning." Id. (citation omitted).

### HRS § 806-9 does not conflict with HRPP Rule 7(f)(1), and does not require that informations be treated exactly the same as indictments in all respects.[6]

Thompson argues the amendment to the information was improper because although HRPP Rule 7(f)(1) allows for "a charge other than an indictment" to be amended before trial, HRS § 806-9 "provides that all provisions of law applying to indictments shall apply to informations." The State argues that the "plain meaning of HRS § 806-9 does not require the law on informations to be exactly the same as for indictments in all respects." The State's argument has merit.

---

[6]     Because we hold that HRPP Rule 7(f)(1) and HRS § 806-9 do not conflict, we do not address Thompson's argument premised on the existence of a conflict—urging us to apply "State v. Obrero and the Rule of Lenity" to conclude that "HRPP Rule 7(f)(1) exempts felony informations, like indictments, from being amended."

HRS § 806-9 provides that "[a]ll provisions of law applying to prosecutions [by] indictments, . . . shall in the same manner and to the same extent <u>as near as may be</u>, apply to information and all prosecutions and proceedings thereon." (Emphasis added.)  The plain language of the statute, "as near as may be," clearly recognizes that there are situations where the law of indictments will not apply to informations.  <u>See</u> <u>James</u>, 153 Hawaiʻi at 510, 541 P.3d at 1273.  Thus, HRS § 806-9 does not require that an information be treated ***exactly the same*** as an indictment in all respects, and explicitly recognizes that there may be situations where the law of indictments cannot be applied in the exact same manner to informations, and the "as near as may be" language covers those situations.  Thus, the Circuit Court did not err in concluding that HRS § 806-9 "does <u>not</u> bar the State from amending a Felony Information."  <u>See</u> <u>id.</u>

**The language of HRPP Rule 7(f)(1) is plain and unambiguous, and permits the pre-trial amendment of an information, where the defense is not prejudiced.**

Thompson argues that even if HRPP Rule 7(f)(1) permits the amendment of felony informations, the Amended Felony Information prejudiced his substantial rights because the State did not initially "comply with the constitutional requirements as demanded in <u>Jardine</u>."  The State argues that the "plain meaning of HRPP Rule 7(f)(1) clearly allows for informations to be amended"; that "[n]umerous Hawaiʻi cases have also allowed amendment of charging documents, including felony informations, if the charges are deficient"; and that Thompson's substantial rights were not violated where he "had more than enough time to prepare for a trial based on the amended charge."  The State's argument has merit.

HRPP Rule 7(f)(1) plainly and unambiguously "permit[s] a change other than an indictment to be amended at any time before trial commences if substantial rights of the defendant are not prejudiced." See James, 153 Hawaiʻi at 510, 541 P.3d at 1273; see also State v. Alcos, No. CAAP-16-0000842, 2017 WL 4325871, at *1, *4-5 (Sept. 29, 2017) (SDO) (holding that the felony information was deficient, but that the State should be given an opportunity to amend the felony information pursuant to HRPP Rule 7(f)(1) on remand). HRPP Rule 7(f)(1)'s sole exception to allowing liberal pre-trial amendment of charging instruments is where a grand jury indictment is at issue. This makes sense as "an indictment is an action of the grand jury and not subject to change by either the court or prosecution, except to correct formalistic errors[.]" Barbara E. Bergman et al., Wharton's Criminal Procedure § 5:15 (14th ed. 2002). In State v. Kam, we explained that: "Where the State's pre-trial amendment of a charge in a complaint does not prejudice a defendant's substantial rights, there seems to be little justification for denying the amendment and good reasons for granting it. Permitting the amendment prevents delay, avoids inconvenience to the parties, and conserves judicial resources." 134 Hawaiʻi 280, 286-87, 339 P.3d 1081, 1087-88 (App. 2014), aff'd, No. SCWC-12-0000897, 2016 WL 770253 (Haw. Feb. 25, 2016) (SDO).

Here, the Circuit Court granted the Motion to Amend Information by a December 14, 2022 order, approximately five months before the May 2023 trial. Thompson presents no argument explaining how his substantial rights were prejudiced where the amendment occurred several months before trial. The Circuit Court did not err by granting the Motion to Amend Information

7

under HRPP Rule 7(f)(1).  See James, 153 Hawaiʻi at 510, 541 P.3d at 1273.

　　　　For the foregoing reasons, we affirm the November 16, 2023 "Judgment of Conviction and Sentence" entered by the Circuit Court of the First Circuit.

　　　　DATED:  Honolulu, Hawaiʻi, September 4, 2024.

On the briefs:

Emmanuel G. Guerrero,
for Defendant-Appellant.

Robert T. Nakatsuji,
Deputy Prosecuting Attorney
for Plaintiff-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge