**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000466
09-JAN-2025
08:07 AM
Dkt. 70 SO**

NO. CAAP-21-0000466

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellant, v.
DAVID JOHN MICHAELEDES, Defendant-Appellee.

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CASE NO. 5CPC-20-0000283)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Wadsworth and McCullen, JJ.)

Plaintiff-Appellant State of Hawaiʻi appeals from the Circuit Court of the Fifth Circuit's August 10, 2021 (1) "Order Granting Defendant's Motion to Dismiss Based Upon Defective Charges[,]" and (2) "Order Denying the State's Motion to Amend Felony Information[.]"[1]

For a brief background, the State charged Defendant-Appellee David John **Michaeledes** by Felony Information and Non-

---

[1] The Honorable Randal G.B. Valenciano presided.

Felony Complaint with (1) **Reckless Driving** of Vehicle, in violation of Hawaiʻi Revised Statutes (**HRS**) § 291-2 (2020); (2) Assault in the Second Degree, in violation of HRS § 707-711(1)(a) and/or (d) (2014, Supp. 2019); and (3) Accidents Involving Substantial Bodily Injury, in violation of HRS § 291C-12.5 (2020).

Michaeledes moved to dismiss the charges arguing that the information was defective; the State moved to amend the information. The circuit court denied the State's motion to amend and granted Michaeledes' motion to dismiss. The State filed a timely notice of appeal. On appeal, the State raises three points of error challenging the circuit court's orders.[2]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve the points of error as discussed below, and vacate and remand.

---

[2]  The State raises the following three points of error:

A. "The Circuit Court erred by dismissing the charge of Reckless Driving, HRS §291-2, reasoning that the charge was defective because it did not allege that Appellee operated a vehicle on a public highway";

B. "The Circuit Court erred by concluding as a matter of law that felony informations, like indictments, may not be amended to allege statutory definitions or essential elements"; and

C. "Based on its erroneous conclusion that felony informations may not be amended, the Circuit Court abused its discretion by dismissing the felony information."

(Emphases omitted.)

**(1)** In its first point of error, the State contends the circuit court "erred by dismissing the Reckless Driving charge, HRS § 291-2, reasoning that it was defective because it did not allege the operation of a vehicle on a public highway." (Emphasis omitted.)

Whether the information set forth all essential elements of the charged offense is reviewed de novo. State v. Wheeler, 121 Hawaiʻi 383, 390, 219 P.3d 1170, 1177 (2009). The interpretation of a statute is also reviewed de novo. State v. Michaeledes, 152 Hawaiʻi 217, 220, 524 P.3d 1241, 1244 (2023).

Here, the circuit court ruled the charge for Reckless Driving was defective because it "did not provide the statutory definition of 'operate.'" The circuit court relied on State v. Wheeler, 121 Hawaiʻi 383, 219 P.3d 1170 (2009).

In Wheeler, the defendant was charged with Operating a Vehicle Under the Influence of an Intoxicant (**OVUII**), in violation of HRS § 291E-61(a)(1).[3] 121 Hawaiʻi at 385, 391, 219 P.3d at 1172, 1178. For OVUII, HRS chapter 291E defines the

---

[3] HRS § 291E-61 (2020) provides in pertinent part:

(a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

(1) While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

term "operate" as driving a vehicle "upon a public way, street, road, or highway[.]"  HRS § 291E-1 (2020).  Thus, the Hawaiʻi Supreme Court held the definition of "operate" in HRS chapter 291E established an attendant circumstance of the OVUII offense, that the driving occur "upon a public way, street, road, or highway."  Wheeler, 121 Hawaiʻi at 392, 219 P.3d at 1179.

Unlike HRS chapter 291E, HRS chapter 291 does not define the term "operates" as used in Reckless Driving.  HRS § 291-2 provides in relevant part that "[w]hoever operates any vehicle or rides any animal recklessly in disregard of the safety of persons or property is guilty of reckless driving of vehicle or reckless riding of an animal, as appropriate[.]" (Emphasis added.)  HRS chapter 291, Part I, provides definitions for the following three terms:  (1) "Intoxicating liquor"; (2) "Public street, road, or highway"; and (3) "Scenic lookout[.]"

But HRS chapter 291, Part I, does not provide a definition for the term "operates" as used in HRS § 291-2 and, thus, there is no attendant circumstance that the driving of the vehicle or riding of an animal must occur on a public street. Fagaragan v. State, 132 Hawaiʻi 224, 242, 320 P.3d 889, 907 (2014) (explaining the canon of construction *expressio unius est exclusio alterius* applies "only where in the natural association of ideas the contrast between a specific subject matter which is

4

expressed and one which is not mentioned leads to an inference that the latter was not intended to be included within the statute") (citation and internal quotation marks omitted).

By incorporating HRS chapter 291E's definition of the term "operate" into HRS § 291-2, the circuit court added an element (upon a public, street, road, or highway) to the HRS § 291-2 Reckless Driving offense, which it cannot do. See State v. Haugen, 104 Hawaiʻi 71, 75, 85 P.3d 178, 182 (2004) ("A cardinal canon of statutory construction is that this court cannot change the language of the statute, supply a want, or enlarge upon it in order to make it suit a certain state of facts.") (citations and internal quotation marks omitted).

In sum, the circuit court erred in interpreting HRS § 291-2 as requiring the attendant circumstance that the defendant's conduct occur on a public street.

**(2)** The State's second and third points of error are related. The State contends the circuit court "erred by concluding that as a matter of law, felony informations may not be amended to allege statutory definitions or essential elements" and, thus, erred in dismissing the information. (Emphasis omitted.)

In State v. Thompson, the circuit court granted the prosecution's motion to amend a felony information. 154 Hawaiʻi 422, 554 P.3d 567, No. CAAP-23-0000715, 2024 WL 4043727 at *2

(App. 2024) (SDO).  On appeal, the defendant argued the amendment was improper because HRS § 806-9 (2014)[4] requires the laws applying to indictments apply to informations.  Id. at *3.

This court affirmed the circuit court's order granting the motion to amend, explaining that Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 7(f)(1)[5] plainly and unambiguously permits an amendment, which "makes sense as 'an indictment is an action of the grand jury and not subject to change by either the court or prosecution, except to correct formalistic errors[.]'"  Id. at *3, *4 (citation and internal quotation marks omitted).

As we did in Thompson, we similarly hold here that HRPP Rule 7(f)(1) permitted amendment of the information.  Thus, the circuit court erred in denying the State's motion to amend the information, and erred in granting Michaeledes' motion to dismiss.

Based on the foregoing, we vacate the circuit court's August 10, 2021 (1) "Order Granting Defendant's Motion to

---

[4]  HRS § 806-9 provides:

> All provisions of law applying to prosecutions upon indictments, to writs and process therein, and the issuing and service thereof, to motions, pleadings, trials, and punishments, or the passing or execution of any sentence, and to all proceedings in cases of indictment, whether in the court of original or appellate jurisdiction, shall in the same manner and to the same extent as near as may be, apply to information and all prosecutions and proceedings thereon.

[5]  HRPP Rule 7(f)(1) provides, "[t]he court may permit a charge other than an indictment to be amended at any time before trial commences if substantial rights of the defendant are not prejudiced."

Dismiss Based Upon Defective Charges" and (2) "Order Denying the State's Motion to Amend Felony Information[,]" and remand this case to the circuit court for further proceedings consistent with this summary disposition order.

DATED:  Honolulu, Hawaiʻi, January 9, 2025.

On the briefs:

Tracy Murakami,
Deputy Prosecuting Attorney,
County of Kauaʻi,
for Plaintiff-Appellant.

Emmanuel G. Guerrero,
for Defendant-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge